UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **14-20484-CIV-MORENO**

SARAH ALHASSID, individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., NATIONSTAR
MORTGAGE LLC d/b/a CHAMPION
MORTGAGE, and JOHN DOE INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER DENYING MOTION TO ENJOIN *BRAYNEN* ACTION

THIS CAUSE came before the Court upon Plaintiff's Motion to Enjoin Continuation and Settlement of Copycat Case *Braynen v. Nationstar Mortgage LLC,* No. 1:14-cv-20726, Pending in the District under the All Writs Act, and Incorporated Memorandum of Law **(D.E. 42)**, filed **on May 14, 2014**. THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is DENIED.

THE COURT finds that Plaintiff Sarah Alhassid has failed to carry her burden in moving to enjoin settlement proceedings in another case pending before this Court, *Braynen v. Nationstar Mortgage, LLC et al,* No. 1:14-cv-20726-JAL. Alhassid is not a member of the proposed *Braynen* settlement class. *Braynen* does not assert any claims on behalf of Alhassid or anyone in the putative classes she alleges. Any settlement in *Braynen* will not bind Alhassid in any way. Alhassid's motion is, at best, based on a misunderstanding of the two cases and, at worst, a misrepresentation designed to disrupt a settlement to which she is not a party. The substance of her Motion ultimately calls to

mind Carl Spackler's analysis in *Caddyshack*: "He's on his final hole. He's about 455 yards away, he's gonna hit about a 2 iron, I think.") (Orion Pictures 1980).

Contrary to her arguments, the All Writs Act does not authorize the injunction Alhassid seeks. The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under the All Writs Act. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102-03 (11th Cir. 2004). A district court may not enjoin a parallel class action absent a showing that its pendency threatens the court's jurisdiction. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1256-57 (11th Cir. 2006) (holding district court abused its discretion in enjoining state law class actions); *see also Standard Microsystems Corp. v. Texas Instruments Inc.*, 916 F.2d 58, 60 (2d Cir. 1990) Here, *Braynen* imposes no threat to this Court's jurisdiction or the claims Alhassid intends to pursue. Alhassid seeks to represent several putative classes of borrowers with reverse mortgages who were placed for lender-placed insurance ("LPI") by co-defendant Bank of America, N.A. ("BofA"). The proposed *Braynen* settlement class, in constrast, is limited to borrowers who were placed for LPI by Nationstar and does not include borrowers with reverse mortgages. The cases do not overlap, let alone converge to an extent that it would warrant enjoining Judge Lenard from proceeding with *Braynen*.

Alhassid's motion suffers from several other defects. The All Writs Act does not authorize one federal court to enjoin another from proceeding absent extraordinary circumstances not present here. *See Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1213 (D.C. Cir. 1989). This Court has not certified any class. No settlement discussions have commenced. This case is in its infancy. Allowing *Braynen* to proceed will not disrupt any work already completed here or threaten the Court's ability to decide Alhassid's claims. Notably, even were Alhassid a *Brayen* class member, no injunction may issue as she would have an adequate remedy at law. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d

1117, 1132 (11th Cir. 2005). Any *Braynen* class member will have the opportunity to object to the settlement's terms after the grant of preliminary approval and mailing of class notice.

The first-to-file doctrine also does not authorize the injunction Alhassid seeks. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "The 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1244 (S.D. Ala. 2006) (citing cases). The doctrine is inapplicable here because both cases were filed in the same district, and "the first-filed rule only applies to two cases filed in separate federal courts ...." Even were there any overlap between Alhassid's case and *Braynen*, the first-to-file rule is inapplicable by its terms. Moreover, "[c]ases in which the first-to-file rule has been applied require a substantial overlap of parties and issues." *McGlynn v. Credit Store, Inc.*, 234 B.R. 576, 581 (D.R.I. 1999). Here, there is no substantial overlap between the claims and parties in *Alhassid* and *Braynen*. The putative classes are different. The claims are different. Only one of the six named defendants is common. The LPI insurers are different, as are the products challenged. There is no basis to stay *Braynen* merely because Alhassid filed suit a few weeks earlier.

For the foregoing reasons, the Court DENIED the Motion to Enjoin.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of June, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record