UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CLASS ACTION
CASE NO. 1:14-cv20484-BLOOM

SARAH ALHASSID, &
SARAH DRENNAN
on their own behalf and on behalf
of all others similar situated**,**

          **Plaintiff,**

vs.

BANK OF AMERICA, N.A., &
NATIONSTAR MORTGAGE LLC
(D/B/A CHAMPION MORTGAGE),

          **Defendants.**
_____/

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT BANK OF AMERICA, N.A. TO MAKE FED. R. CIV. P. 30(b)(6) DESIGNATIONS, OVERRULE DEFENDANT'S OBJECTIONS, AND FOR REASONABLE EXPENSES**

COMES NOW Plaintiffs Sarah Alhassid and Sarah Drennan ("Plaintiffs"), on their own behalf and on behalf of all similarly situated, pursuant to Local Rules 7 and 26, Fed. R. Civ. P. 37(a)(3)(B)(ii) and this Court's Order [D.E. 78], and hereby file their Motion to Compel Defendant Bank of America, N.A. to Make Fed. R. Civ. P. 30(b)(6) Designations, Overrule Defendant's Objections, and for Reasonable Expenses, and as grounds in support would state as follows:

*Introduction and Procedural History, and Response to Procedural General Objections*

1.    Only July 29, 2014, Plaintiffs conferred with counsel for Defendant Bank of America, NA to discuss the timing and location of the corporate representative deposition, but Defendant responded that a deposition would be premature and did not cooperate. **Exhibit A.**

2. On July 30, 2014, Plaintiffs served their Notice of Taking Video Deposition Duces Tecum of Defendant Bank of America, N.A's Corporate Representatives Pursuant to Fed. R. Civ. P. 30(b)(6). In accordance with S.D. Fla. L.R. 26.1(i) and Fed. R. Civ. P. 30(b), Defendant has adequate notice of the deposition set to occur on September 15, 2014, and the formal notice requirements were satisfied. **Exhibit B.**

3. Just two-and-a-half weeks before the deposition, on August 29, 2014, Bank of America, N.A. served its Responses and Objections to Notice of Taking Deposition Video Deposition Duces Tecum Pursuant to Fed. R. Civ. P. 30(b)(6). Bank of America, N.A. listed objections to the 30(b)(6) topics, but did not raise objections to any of the duces tecum requests. **Exhibit C.**

4. In its Responses and Objections, Defendant made clear that **it would not appear or designate a representative to testify concerning any of the topics** listed by Plaintiffs in their Notice because 1) Plaintiff Alhassid is supposedly a member of a "seemingly related" class action settlement; 2) a Second Amended Complaint [D.E. 73] was filed after the Notice was served; 3) there are an "excessive number" of topics that should be addressed via written discovery rather than a deposition; and 4) there has not been a Fed. R. Civ. P. 26(f) conferral; Defendant supplied no legal authority supporting that reasons 1, 2, or 3 warrant the complete obstruction and non-occurrence of a corporate representative deposition.

5. Reason one, the fact that there is, in Defendant's view, a "seemingly related" class settlement that concerns Defendant's improper force-placed insurance policies and practices, does not come close to constituting a valid basis for discovery to be completely halted in this case. This case, as it relates to Plaintiff Alhassid, concerns the resulting unauthorized and excessive fees and foreclosure proceedings, and Bank of America, NA's relationship with its Co-Defendant regarding same. If Bank of America, NA wishes to halt discovery, it can try to obtain

2

an order staying discovery in this case; however, until that happens, Bank of America, NA's unilateral assertion is plainly insufficient. If it thinks it should not be sued in this case, it can designate representatives to appear at deposition and testify as to why this is. Reason two, that a Second Amended Complaint was filed in the interim, is irrelevant, and does not have an effect on the topics selected by Plaintiffs prior to the time that the Second Amended Complaint was filed. In any event, the Second Amended Complaint adds a class Plaintiff, but the general subject matter (excessive fees and unauthorized foreclosures) is unchanged. Reason three, that written discovery is a better and more efficient avenue to seek information regarding the 30(b)(6) topics listed is absurd, as there is no authority authorizing the responding party to select the mode of discovery chosen by the requesting party. Documents and written responses are needed by Plaintiffs prior to the 30(b)(6) deposition,[1] depositions generally result in a more candid and vigorous discovery of facts, and the two mediums of discovery are, obviously, not mutually exclusive.

6.     As for reason four, correspondence between the parties exposes that this supposed reason for blocking a corporate representative deposition is a farce. **Exhibit D.** On several occasions between March 19, 2014 and May 2, 2014, Plaintiffs contacted counsel for Defendant to coordinate a Rule 26(f) conference, which shall occur "as soon as practicable," and *prior* to a scheduling conference. S.D. Fla. L.R. 16.1(b); Fed. R. Civ. P. 26(f). But Defendant refused to hold the conference based on its unilateral belief that such a conference would not be "productive." **Exhibit D.** Now, Defendant is using this spurious basis to justify its refusal to designate 30(b)(b) representatives and have them sit for deposition. Unacceptable.

---

[1]     Bank of America, NA served responses to Plaintiffs' initial written discovery requests on September 5, 2014, but these responses primarily consist of blanket objections, and do not obviate the need for a 30(b)(6) deposition.

*Memorandum of Law*

Fed. R. Civ. P. 26(b)(1) specifies that "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." One tool at a plaintiff's disposal, particularly useful when proceeding against a large corporation with many actors and moving parts, is Fed. R. Civ. P. 30(b)(6), which specifies that in its notice, "a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization **must then designate** one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . the persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 37(a)(3)(B)(ii) authorizes the requesting party to file a Motion to Compel and recover reasonable expenses based on a responding party's failure to designate representatives or failure to appear at a 30(b)(6) deposition. While there is a dearth of precedent relating to the bold maneuver Bank of America has employed by refusing to designate representative(s), those authorities are roundly in Plaintiffs' favor.

"The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to 'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in order that they can answer fully, complete, unevasively, the questions posed . . . as to the relevant subject matters." *See United States ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, Case No. 6:09-cv-1002 (M.D. Fla. Aug. 14, 2012) (quoting *Catalina Rental Apartments, Inc. v. Pacific Ins. Co., Ltd.*, No. 06-20532-cv, 2007 WL 917272, *2 (S.D. Fla. Mar. 23, 2007); *Bank of New York v. Meridien BIAO*

4

*Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *accord Menendez v. Wal-Mart Stores East LP*, No. 1:10-CV-00053 (N.D. Ind. June 13, 2012)). Contrary to Defendant's position, **Exhibit A**, Rule 30(b)(6) "mandate[s] an organization served with a Rule 30(b)(6) Notice of Deposition to designate its representatives promptly upon selecting them and reasonably in advance of their testimony." *See Martin v. State Farm Mut. Auto. Inc. Co.*, No. 3:10-cv-0144 (S.D.W.V. Feb 22, 2011) (drawing from the plain language of Fed. Fed. R. Civ. P. 37(a)(3)(B)(ii) which requires a corporation to "make a designation," concluding that the Rule "would have no practical purpose if an organization could simply wait until commencement of the depositions before designating its representatives") (citing *Wilson v. Lakner*, 228 F.R.D. 524 (D. Md. 2005)). "If the deponent fails to make a designation under Rule 30(b)(6), then the party seeking the discovery can move for an order compelling designation." *Id.*; Fed. R. Civ. P. 37(a)(3)(B)(ii); *see also EEOC v. JP Morgan Chase Bank, N.A.*, No. 2:09-cv-864 (S.D. Ohio March 30, 2011) (granting motion to compel). So long as the topics are "relevant," the requesting party has met its initial burden, and vague objections and "broad-brushed" work product claims are insufficient to excuse the responding party's duty to designate. *See, e.g.*, *IFreedom Direct Corp. v. First Tennessee Bank Nat'l Assoc*, No. 2:09-cv-205 (D. Utah July 16, 2012) (granting motion to compel in case involving defendant that at least designated a representative to testify concerning some, but not all, noticed topics).

Turning to these specific objections and this failure to designate, Bank of America, NA has completely refused to appear at deposition or designate a representative to testify concerning *any* of the eighteen topics chosen by Plaintiffs. **Exhibits B & C.** The exception to Local Rule 26.1(h)(2)'s requirement that each objection is separately set forth in this Motion, therefore applies. Here, Bank of America raises a few "relevance" or "not reasonably calculated to lead to

5

the discovery of admissible evidence" objections (4, 6, 7, 9, 11, 12, 13, 15, 16, 17, and 18) in response to topics that might extend beyond the named Plaintiff's experiences; however, these objections must be overruled because the experiences of other borrowers relates to numerosity, typicality and commonality, and Defendant's general business practices in authorizing excessive fees and foreclosure proceedings. **Exhibit C.** The term "relevant," as it is meant in this context, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Defendant's relevance objections should therefore be overruled.

Defendant's various objections concerning the use of "vague" or "undefined" terms should be given short shrift, and are no excuse for not designating 30(b)(6) representatives. If Bank of America is confused about what terms like "precise reasons," "due diligence" or "interest" means, it should look to context and then consult a dictionary. **Exhibit C** (##1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11). Defendant also objects to the use of the term "force-placed insurance" and prefers "lender-placed insurance," which is a wasteful objection because these terms are well-known to Bank of America, which has settled various force-placed insurance lawsuits. Along the same lines, Defendant's objections that certain requests "relate solely" to the *Arnett* class action, in which a settlement has been preliminarily approved, should be overruled. **Exhibit C** (##1, 2, and 4). Bank of America has not obtained an order staying discovery in this case; moreover, just because there may someday be a settlement in *Arnett*, a case involving allegations of improper force-placed insurance, does not mean that the act of purchasing insurance on mortgaged property is not relevant to this suit relating to the subsequent fees and foreclosures. All objections relating to semantics or halting discovery due to other litigations should be

overruled.

Defendant also raises various non-specific, improper objections to numerous topics on the grounds that they seek "information which is confidential or proprietary in nature, or which otherwise constitutes protected commercial, financial, competitively sensitive and/or trade secret information." **Exhibit C** (## 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, and 17). These are invalid objections, and Defendant has not met its burden to demonstrate how they apply. For example, topic eight asks whether Bank of America, NA had knowledge of, or participated in its Co-Defendant's actions in imposing and charging property inspection fees, property preservation fees, property appraisal fees, service fees, or delinquent property tax fees. These fees were odd to the named Plaintiff given that these inspections, preservations and appraisals did not occur and were not necessary. Bank of America, NA's relationship with Nationstar is unknown and discovery is required to clarify whether, and what type of financial interest Bank of America, NA had or has in the loans that were assigned or sold to Nationstar--discovery on this topic is proper in light of the scope of the pleadings. If Bank of America, NA did not participate or have knowledge, it can testify to this effect; if it did, then the fact that the answer is harmful to Bank of America's case hardly implicates the laundry list of objections that are lodged to this easily comprehensible topic central to the pleadings. Defendant's vague "confidential, trade secret," etc., objections should be overruled, as Defendant has not met its burden.

Similarly, Defendant also raises invalid and non-specific objections that certain topics "seek information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity." **Exhibit C** (## 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, and 17). The simple fact that Defendant is utilizing every type of privilege imaginable ("or any other applicable privilege or immunity") demonstrates that the privilege claims lack requisite

7

specificity, and that Defendant is throwing everything against the wall to see what sticks. This is an improper and obstructive discovery tactic. Fed. R. Civ. P. 26(b)(5) requires that a party asserting privilege in responding to discovery must make the claim expressly and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," commonly within a privilege log. These improper privilege and work product claims should be overruled. *IFreedom Direct Corp. v. First Tennessee Bank Nat'l Assoc*, No. 2:09-cv-205 (D. Utah July 16, 2012) (overruling non-specific work product claims in objections to 30(b)(6) notice).

### *Rule 37 Claim for Reasonable Expenses*

Plaintiffs are due reasonable expenses incurred in researching, drafting and arguing this motion. Fed. R. Civ. P. 37(a)(5) (specifying that the Court "must" require Defendant to pay, unless it finds that Plaintiff did not confer in good faith with Defendant concerning these issues, Defendant's position is "substantially justified," or "other circumstances make an award of expenses unjust"); *accord Menendez*, 1:10-CV-00053 (N.D. Ind. June 13, 2012) (awarding requesting party reasonable expenses based on grant of Motion to Compel pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii)). The Certification required by the Local Rules is below.

### *Conclusion*

Plaintiffs request that this Court grant this Motion, require that Defendant Bank of America, NA to designate representatives to testify on topics 1-18 of the Notice attached as Exhibit B, require Bank of America, NA's representatives to appear on September 16, 2014 at the duly noticed deposition, overrule all of Defendant's objections, deem that Defendant has waived the right to claim privilege or work product, and award Plaintiffs reasonable expenses in

8

connection with this Motion, in addition to any other relief this Court deems necessary and appropriate under the circumstances.

## *Certificate Pursuant to Local Rule 7.1(a)(3)*

Counsel for Plaintiffs hereby certifies that he has conferred with opposing counsel in a good faith effort to resolve the issues raised in the Motion but has been unable to do so, necessitating this Motion.

Respectfully submitted,
**HERSSEIN LAW GROUP**
**12000 Biscayne Boulevard**
**Suite 402**
**North Miami, Florida 33181**
**Telephone No: (305) 531-1431**
**Facsimile No: (305) 531-1433**

_____
**REUVEN HERSSEIN, ESQUIRE**
**FBN 0461504**
**IRIS HERSSEIN, ESQUIRE**
**FBN 0462391**
**JEFFREY L. GOODMAN, ESQUIRE**
**FBN 0068878**
**GEOFF HIRSHBERG, ESQUIRE**
**FBN 0092772**
**MAX M. NELSON, ESQUIRE**
**FBN 0084532**
**Attorneys for Plaintiff**

**Beighley, Myrick & Udell, P.A.**
**66 West Flagler Street**
**7th Floor**
**Miami, FL 33130**
**(305)-349-3930 – Phone**
**(305) 349-3931 – Fax**

**/s/ Maury L. Udell**
_____
**MAURY L. UDELL, ESQUIRE**
**FBN 121673**
**Attorney for Plaintiff**

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of September, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of the Notice of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Max M. Nelson, Esq.
Max M. Nelson, Esq.

Alan Graham Greer
agreer@richmangreer.com,

Brendan I Herbert
brendan.herbert@akerman.com,

Christopher Stephen Carver
christopher.carver@akerman.com

David L. Permut
dpermut@goodwinprocter.com

David S. Kantrowitz
dkantrowitz@goodwinprocter.com

Franklin G. Burt
fburt@cfjblaw.com

Geoff Hirshberg
geoff@hersseinlaw.com

Iris Joy Herssein
iris@hersseinlaw.com

Jeffrey Louis Goodman
jeffrey@hersseinlaw.com

Matthew G. Lindenbaum
mlindenbaum@goodwinprocter.com

Maury Lorne Udell
mudell@bmulaw.com

Maxwell Miller Nelson
 max@hersseinlaw.com

Nathaniel Mark Edenfield
nedenfield@richmangreer.com

Reuven T. Herssein
reuven@hersseinlaw.com

11