UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 14-20484-BLOOM/VALLE

SARA ALHASSID, on her
own behalf and on behalf
of all others similarly situated,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A., et al.,

    Defendants.
_____

### ORDER DENYING PLAINTIFFS' DISCOVERY MOTIONS

THIS CAUSE is before the Court upon Plaintiffs' Motion to Overrule Defendant Nationstar Mortgage LLC's Objections and Compel Better Responses to First Request for Production (ECF No. 76), Plaintiffs' Motion to Overrule Defendant Nationstar Mortgage LLC's Objections and Compel Better Answers to First Set of Interrogatories (ECF No. 77) (collectively, "Plaintiffs' Motions to Compel Nationstar Discovery"), and Plaintiffs' Motion to Compel Defendant Bank of America, N.A. to Make 30(b)(6) Designations (ECF No. 89) ("Plaintiffs' Motion to Compel Bank of America 30(b)(6) Designations") (together, the "Motions").

United States District Judge Beth Bloom has referred the case to the undersigned for discovery. *See* (ECF No. 55). The Court has reviewed the Plaintiffs' Motions to Compel Nationstar Discovery, Defendant Nationstar's Combined Opposition to Plaintiffs' Motion to Compel Discovery (ECF No. 80), Plaintiffs' Reply to Nationstars' Combined Response (ECF No. 84), and Plaintiffs' Motion to Compel Bank of America 30(b)(6) Designations.[1] Accordingly, being fully advised in the matter, the **MOTIONS** are **DENIED WITHOUT PREJUDICE** for the reasons set forth below.

---

[1] Bank of America's response to this Motion is not due until September 16, 2014, after the scheduled deposition.

Despite its relative infancy, this action has had a contested history. The record reveals, for example, that the parties do not agree on whether discovery is appropriate at this time. *See* (ECF No. 83). The Joint Conference Report confirms that the parties agree on little. *Id.* Most recently, Plaintiffs filed motions to compel discovery from each of the two corporate Defendants and two of the motions are ripe for disposition.[2] *See* (ECF Nos. 76, 77, 80, 84 and 89).

The Court's review of the Motions reveals that, prior to filing the Motions, the parties did not meaningfully comply with the meet and confer requirement of Local Rule 7.1. In order to confer, a movant must have a give-and-take exchange with opposing counsel. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299 (S.D. Fla. 2010) (Goodman, Mag. J.). Simply put, sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. *Id.*

The conferral certification in Plaintiffs' Motions to Compel Nationstar Discovery filed on August 21, 2014, states: "Counsel for Plaintiffs hereby certifies that he has made a reasonable effort to confer with all parties that may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion (by making multiple requests in writing over the course of two business days) but has been unable to do so, necessitating this Motion." (ECF Nos. 76 at 5, 77 at 5).

The August 21, 2014 certification provides little detail about Plaintiffs' efforts to confer with Defendant Nationstar and does not explain why counsel was unable to simply pick up the telephone when his written communications went unanswered. Moreover, according to Defendant Nationstar, Plaintiffs' efforts to confer consisted of two brief emails requesting a telephone conference sometime in the next five business days, without specifying the issue for discussion or the possibility that

---

[2] Plaintiffs' Motion to Compel Bank of America 30(b)(6) Designations was filed on September 9, 2014 and a response is not yet due. Nonetheless, the Motion is denied without waiting for further briefing. The Court finds that, in the interest of justice, the current discovery disputes should be handled comprehensively to effect an efficient and expeditious discovery process.

Plaintiffs would file a motion to compel. *See* (ECF No. 80 at 9). Worse still, two days into the five days allotted to Defendant Nationstar in the email, Plaintiffs filed the instant Motion. *Id.* at 9-10.

Thereafter, on August 26, 2014, Plaintiffs and Defendant Nationstar did communicate. *See* (ECF No. 84-5). Still, it remains unclear if there was an actual "give-and-take" concerning the disputed issues. Defendant Nationstar may have produced certain documents (e.g., Plaintiff Alhassid's file) to Plaintiffs, *see* (ECF No. 84-5), but the record does not indicate whether any of the production is responsive to Plaintiffs' document requests, perhaps resolving some of the disputed issues in Plaintiffs' Motions to Compel Nationstar Discovery.

The Motion to Compel Bank of America 30(b)(6) Designations suffers from a similar deficiency as Plaintiffs' Motions to Compel Nationstar Discovery. The attachments to the motion concerning Bank of America reveal that Plaintiffs attempted to confer with Defendant Bank of America on several occasions, but these attempts were rebuffed by Bank of America, whose position was that discovery was "premature." *See* (ECF No. 89-4). Despite Defendant Bank of America's lack of a substantive response, Plaintiffs have noticed Bank of America's Rule 30(b)(6) deposition for Monday, September 15, 2014. *See* (ECF No. 89-2). To date, Defendant Bank of America has not designated a representative to testify concerning any of the identified topics, *see* (ECF Nos. 89-2 and 89-3) and, according to Plaintiffs, will not appear at Monday's deposition. *See* (ECF No. 89 at 2).

Trial courts have broad discretion in setting the timing and sequence of discovery. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Schulte v. NCL (Bahamas) Ltd.*, 10-23265-CIV, 2011 WL 256542, at *4 (S.D. Fla. Jan. 25, 2011) (Simonton, Mag. J.) (reiterating that the court retains the discretion to control the timing of discovery). Moreover, the Federal Rules of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Given the overall posture of this case and the fact that Plaintiffs have noticed depositions to occur within days of filing the motion, the Court believes that these issues can best be resolved, or at least narrowed, if the parties were to conduct a meaningful meet and confer under Local Rule 7.1(a)(3).

In sum, the parties' past meet and confer efforts have fallen short of the Rule's requirement. In addition, the parties have not complied with this Court's specific discovery procedures, which contain page and formatting specifications. *See* (ECF No. 78). Accordingly, being fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Overrule Defendant Nationstar Mortgage LLC's Objections and Compel Better Responses to First Request for Production (ECF No. 76) is **DENIED** without prejudice.

2. Plaintiffs' Motion to Overrule Defendant Nationstar Mortgage LLC's Objections and Compel Better Answers to First Set of Interrogatories (ECF No. 77) is **DENIED** without prejudice.

3. Plaintiffs' Motion to Compel Defendant Bank of America, N.A. to Make 30(b)(6) Designations (ECF No. 89) is **DENIED** without prejudice.

4. By **September 22, 2014,** the parties shall meet and confer in a good faith effort to resolve the issues in the Motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on September 12, 2014.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Beth Bloom
All Counsel of Record