**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-cv-20484-BB**

SARAH ALHASSID and SARAH
DRENNEN, on their own behalf and on behalf
of all others similarly situated,

      Plaintiffs,

   vs.

BANK OF AMERICA, N.A.; NATIONSTAR
MORTGAGE, LLC (D/B/A CHAMPION
MORTGAGE); and JOHN DOE
INSURANCE COMPANY,

      Defendants.

_____

**MOTION FOR PROTECTIVE ORDER RE PLAINTIFFS'**
**RULE 30(B)(6) DEPOSITION NOTICE**

Pursuant to Fed. R. Civ. P. 26(c), defendant Nationstar Mortgage LLC, and its division Champion Mortgage, hereby move for a protective order limiting the categories of examination in plaintiff Sarah Alhassid's deposition notice served under Fed. R. Civ. P. 30(b)(6).

# I.  INTRODUCTION

Nationstar moves for a protective order limiting the scope of the 35 separate categories in plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition notice.  *See* Plaintiff's Deposition Notice to Nationstar, attached hereto as Ex. A.  Alhassid's deposition categories are grossly overbroad and stray far beyond the scope of information relevant to the parties' claims and defenses.  Alhassid's categories also call for information protected by the attorney-client privilege or work product doctrine and improperly seek to require Nationstar to answer questions about its legal contentions at deposition.  A protective order should issue limiting any deposition to nonprivileged issues actually relevant to Alhassid's case.[1]

# II.  THE PERTINENT FACTS

## A.  Plaintiffs' Claims

Plaintiffs allege that they were charged improper fees on their home loans.  Alhassid claims that Champion improperly placed her loan in "default status" by relying on co-defendant Bank of America ("BofA['s]") determination that Alhassid had failed to maintain her own

---

[1] In accord with this Court's standing order governing discovery motions, Nationstar limits its motion to ten pages of argument.  Given that there are 35 deposition categories which occupy over four pages of text in the deposition notice, Nationstar cannot as a practical matter quote each category verbatim and provide sufficient argument to explain its objections within the ten-page limit.  Therefore, to the extent Local Rule 26.1(h)(2) is not already modified by this Court's standing order, Nationstar respectfully requests the Court excuse any noncompliance.  To the extent the Court would prefer each category of the deposition notice be discussed separately, Nationstar requests leave to file an amended motion for protective order that exceeds the 10 page limit and an extension of the deadline imposed by Local Rule 26.1(h)(1).

insurance. Second Amended Complaint "SAC," ¶¶ 44-45.  Champion then allegedly charged Alhassid various improper default-related fees.  *Id.*

Drennen alleges that Nationstar improperly notified her of an escrow shortage on her traditional mortgage after granting her a modification.  SAC, ¶¶ 53, 55.  According to Drennen, Nationstar charged her fees that were improper because her loan was never in "default status." *Id.*, ¶¶ 57, 58.  Plaintiffs seek to assert their claims on behalf a putative class of borrowers who were also allegedly charged "unauthorized" or "excessive" fees.  *See* D.E. 73, ¶ 63.

**B.      The Deposition Notice**

On August 28, 2014, plaintiffs served a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) demanding that Nationstar produce deponents to testify regarding 35 separate topics of examination.

On September 17, 2014, Nationstar sent plaintiffs a meet-and-confer letter outlining its objections to some of the categories.  On September 22, 2014, the parties met and conferred regarding written discovery served by plaintiffs, which overlaps to a large extent Nationstar's objections to the deposition notice.  On October 14, 2014, the parties met and conferred specifically regarding the deposition notice.  Though the parties agreed that some categories of deposition would be proper, they were unable to resolve all of the disputed issues.

### III.  STANDARDS GOVERNING THIS MOTION

For "good cause" shown, the Court may issue a protective order preventing a deposition or limiting its scope.  *See* Fed. R. Civ. P. 26(c); *see McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).  A court should balance the non-moving party's interest in obtaining discovery against the harm, burden, or expense to be suffered by the moving party that would result from the deposition.  *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

A motion for protective order is properly granted where, as here, the deposition notice is overbroad and would impose burdens on the defendant that outweigh any benefit to be obtained from the deposition. *See, e.g., Stacy v. H & R Block Tax Servs., Inc.*, 07-CV-13327, 2011 WL 807563, at *1-2 (E.D. Mich. Mar. 2, 2011); *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, 3:05CV929 CFD, 2007 WL 2460685, at *4-5 (D. Conn. Aug. 27, 2007).

## IV.  A PROTECTIVE ORDER SHOULD ISSUE

### A.    Discovery As to Drennen's Claims Should Be Stayed

A protective order should issue to the extent plaintiffs seek any testimony regarding Drennen. *See* Ex. A, nos. 22, 23.  Nationstar has moved to sever Drennen's claims and drop her as a party because her claims do not arise from the same transactions or occurrences as Alhassid's claims and do not raise common questions of fact or law. *See* D.E. no. 88.  Pursuant to Judge Bloom's scheduling order (*see* D.E. no. 90), Nationstar has also requested that the Court stay discovery of Drennen's claims pending resolution of that motion. *See* D.E. no. 83.

The Court should exercise its inherent authority to stay discovery as to Drennen pending Judge Bloom's resolution of Nationstar's motions. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).   If the motion to sever Drennen's claims is granted, the protective order should extend to preclude Alhassid from seeking discovery related to Drennen's claims against Nationstar.[2]  Allowing discovery to proceed as to Drennen's claims before Nationstar's motions are resolved would prejudice Nationstar by requiring it to provide testimony that may ultimately prove irrelevant to this case.

---

[2] *See, e.g., Global Candle Gallery Licensing Co. v. Nabozny,* 8:08-CV-2532-T-30TGW, 2009 WL 3852794 (M.D. Fla. Nov. 18, 2009) (staying discovery as to severed issued); *Eurand Inc. v. Mylan Pharm. Inc*., CIV.08-889-SLR, 2009 WL 3172197, at *1-2 (D. Del. Oct. 1, 2009).

**B.      Testimony Regarding Putative Class Members Is Improper
         as the Proposed Class Is Unascertainable**

Plaintiffs seek testimony regarding the fees assessed on their accounts and those of other Nationstar borrowers.  *See* Ex. A, categories nos. 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 20, 21. Though it is unclear whether all of these categories, as written, would require testimony regarding absent class members, plaintiffs have clarified through the meet-and-confer process that they expect any witness to testify regarding fees assessed on absent class members as well.

So interpreted, these categories are grossly overbroad and fail to describe the topics of examination with reasonable particularity.  Under Fed. R. Civ. P. 30(b)(6), "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."  *Prokosch v. Catalina Lighting, Inc*., 193 F.R.D. 633, 638 (D. Minn. 2000); *Sprint Communs. Co., L.P. v. TheGlobe.com, Inc*., 236 F.R.D. 524, 528 (D. Kan. 2006).

Plaintiffs' categories fall far short of that standard.  Instead, they are so overbroad that Nationstar "is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible." *Lipari v. U.S. Bancorp., N.A*., No. 07-2146-CM-DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008).

For example, category no. 7 asks for testimony regarding "proof" that various fees assessed on plaintiffs' accounts were for services actually performed.  Categories nos. 13-15 ask for Nationstar's position on whether the fees assessed on plaintiffs' accounts were unique or are similar to those assessed on other borrowers' loans.

Nationstar cannot as a practical matter provide any testimony regarding putative class member accounts because it cannot ascertain who falls within plaintiffs' improper merits-based class definition.  Plaintiffs' class definitions are limited to borrowers who were charged

"unauthorized" or "excessive" fees.  Hence, to identify any putative class member, the trier of fact would have to determine that any fee charged was "unauthorized" or "excessive."

As courts have repeatedly held, such merits-based or "fail safe" class definitions are unascertainable and cannot be certified.[3]  Incorporating merits elements into a class definition improperly asks the defendant to admit liability before certification.  Nationstar believes its actions were proper and that no one was charged "unauthorized" or "excessive" fees.  Because Nationstar cannot ascertain who was charged any such fee, it also cannot produce at deposition a witness who can testify about the facts underlying such persons' accounts.

Even were the proposed class ascertainable, preparing a witness to testify regarding other putative class members would be unduly burdensome.  Nationstar services approximately 2 million loans.[4]  Plaintiffs purport to require Nationstar to review each of these loans to determine whether the borrower was charged an "unauthorized" or "excessive" fee, a process that could take millions of man hours and cost millions of dollars.  Needless to say, plaintiffs have not offered to pay for the extraordinary expense of this task.  Preparing representatives to meaningfully testify on such broad, open-ended topics would impose an undue burden on Nationstar.  *See, e.g., Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 08-cv-11562, 2010 WL 4901181, at *3 (E.D. Mich. Nov. 24, 2010).

---

[3] *See, e.g., Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63-64 (D. Nev. 1985); *Bostick v. St. Jude Medical, Inc.*, 2004 WL 3313614 at *16 (W.D. Tenn. 2004); *Kline v. Security Guards, Inc.*, 196 F.R.D. 261, 266-68 (E.D. Pa. 2000); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 445-46 (E.D. Pa. 2000); *Wansrath v. Time Warner Entertainment*, 1997 WL 122815 at *3 (S.D.N.Y. 1997); *Forman v. Data Transfer*, 164 F.R.D. 400, 403 (E.D. Pa. 1995); *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 626-627 (N.D. Ill. 1987).

[4] *See* http://quote.morningstar.com/stock-filing/Annual-Report/2013/12/31/t.aspx?t=XNYS:NSM&ft=10-K&d=d6d58c3bc6db4f025b02af9d07a5004a

Assuming such burdensome discovery were otherwise appropriate, the seeking of such loan-level detail is not only irrelevant but also inconsistent with the idea of class actions. If an issue is genuinely a common one, it should be capable of being proven with common evidence. If, on the other hand, "the members of a proposed class will need to present evidence that varies from member to member," it is an individual question. *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). So, if Alhassid is correct that she needs discovery regarding each class member to attempt to certify a class, this case can never proceed as a class action.

In short, Nationstar cannot produce a witness to testify about aggregate or loan-level data for plaintiffs' proposed putative class. A protective order should issue limiting these categories to testimony regarding Alhassid's account.

## C.    Many of Plaintiffs' Topics Intrude Upon the Attorney-Client Privilege or Attorney Work Product Doctrine

Many of plaintiffs' deposition topics impermissibly seek testimony that would violate the attorney-client privilege or attorney work product doctrine.

For example, categories nos. 17, 18, 20, and 21 seek testimony regarding Champion's decision to file a foreclosure lawsuit against Ms. Alhassid and its decision to dismiss that suit. Category no. 12 seeks testimony regarding attorney fees and costs billed to plaintiff and what services were performed by Champion's attorneys.

The facts supporting Champion's decision to file and dismiss another lawsuit and the work performed by its attorneys in that lawsuit are protected by the attorney-client privilege and work product doctrine. *See Am. Nat'l Red Cross v. Travelers Indemnity Co. of R.I.*, 896 F. Supp. 8-14 (D.D.C. 1995). Champion's litigation decisions are made by or in consultation with its attorneys. Therefore, any deposition on these topics would necessarily require Champion to

designate an attorney or lay witness whose knowledge of these topics comes solely from attorneys. The information is privileged and not properly discoverable.

Even assuming the information were not strictly privileged, Alhassid has not, and cannot, show this is the rare case in which deposition of a party's attorney would be appropriate. The reasons Nationstar undertook certain actions in a now dismissed lawsuit are not crucial to Alhassid's prosecution of this case. Nor has Alhassid shown that a deposition is the least restrictive means of obtaining the information. *See Klayman v. Freedom's Watch, Inc.,* 07-22433-CIV, 2007 WL 4414803, at *4-5 (S.D. Fla. Dec. 14, 2007); *W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 303 (S.D. Fla. 1990).

Indeed, any nonprivileged information regarding the foreclosure lawsuit could more appropriately be obtained through service of contention interrogatories. "[I]n circumstances similar to the case at bar, the use of contention interrogatories has been authorized in the face of work product objections." *S.E.C. v. Morelli*, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (citing cases); *see also McCormick–Morgan, Inc. v. Teledyne Industries, Inc*., 134 F.R.D. 275, 286–87 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F.Supp. 611 (N.D. Cal. 1991). This Court should similarly preclude plaintiffs from seeking testimony of categories that intrude upon the privilege, without prejudice to the propounding of contention interrogatories on nonprivileged matters.

**D.      No Deposition May Be Taken Regarding Nationstar's Legal Opinion**

Plaintiffs also improperly seek testimony regarding Nationstar's legal opinions or contentions. *See* Ex. A, Categories nos. 6, 8-15, 31-33. A corporation's legal opinion or contentions is not a proper topic for a Rule 30(b)(6) deposition. *See, e.g., Lenz v. Universal Music Corp.,* C 07-03783 JF PVT, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010); *T&H Landscaping, LLC v. Colorado Structures Inc.,* No. 06-CV-00891-REB-MEH, 2007 WL 2472056, at *4 (D. Colo. Aug. 28, 2007).

Underlying the rule are practical concerns.  "[N]o one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party like [Nationstar] …" *McCormick-Morgan, Inc.*, 134 F.R.D. at 286.  Also, asking a lay witness to testify regarding a party's legal contentions necessarily intrudes upon the attorney-client privilege and work product doctrines.  *Morelli*, 143 F.R.D. at 47.

Several of plaintiffs' topics fun afoul of this rule.  For example, categories nos. 8-13 ask for Nationstar's "position" on whether various fees assessed on Alhassid's account were "warranted or reasonable in light of the actual services rendered."  Category no. 14 seeks Nationstar's "position[s]" with respect to whether the charges on plaintiffs' mortgage statements were "unique" and "regarding commonality, typicality, and numerosity with respect to these charges…"  Category no. 15 asks—in argumentative terms—whether Nationstar complied with the Fair Debt Collection Practices Act.  Category no. 31 asks "whether Nationstar think it owes, or ever did owe, duties to its elder reverse mortgage borrower, [p]laintiff Alhassid."  Categories nos. 32 and 33 seek Nationstar's legal opinion on whether plaintiffs' allegations satisfy Fed. R. Civ. P. 23's commonality prong.

None of these categories are proper subjects of examination at deposition.  *Am. Nat. Red Cross*, 896 F. Supp. at 13-14.  Nor is a deposition necessary as, again, Alhassid can simply serve an interrogatory if she wishes to obtain Nationstar's "belief" or "opinion" regarding disputed legal issues.  *See Morelli*, 143 F.R.D. at 48; *McCormick–Morgan, Inc.*, 134 F.R.D. at 286–87.

## E.      Testimony Regarding The Transfer of Servicing Rights Is Irrelevant

Several of plaintiffs' categories seek testimony regarding the transfer of any loan's servicing rights from BofA to Nationstar over the last five years.  *See* Ex. A, 3, 5, 19, 27, 28, 20.

Others relatedly seek testimony regarding BofA's knowledge of or interest in Nationstar's assessment of fees on any transferred loans. *See id.*, Ex. A, 16, 29, 30.

These categories are overbroad and have no relevance to the parties' claims and defenses. While relevance is generally a lenient standard, "[t]his often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 382 (8th Cir. 1992); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

Plaintiffs allege no facts that would call into question the circumstances surrounding every loan Nationstar has acquired from BofA over the last five years. Nationstar will produce the agreement concerning the sale of the servicing rights to Alhassid's loan, which disproves plaintiffs' farfetched conspiracy theory that BofA maintained some interest in the assessment of fees after the loan was sold. Nationstar has also offered to provide a declaration under penalty of perjury confirming BofA maintained no interest in Alhassid's loan after the transfer, thus obviating the need for any deposition. Nationstar should not be burdened with producing a witness to testify regarding every servicing transfer from BofA over the last five years based on Alhassid's demonstrably false allegations concerning the assignment of her loan.

## F.    Other Lawsuits Or Investigations Are Irrelevant

Categories nos. 24-26 seek testimony regarding aggregate data for the number of foreclosure lawsuits filed by Nationstar over the last five years, as well as the number of suits based on allegations the borrower did not maintain insurance or failed to pay taxes. Similarly, categories nos. 34 and 35 seek testimony regarding Nationstar's knowledge of "investigations" or lawsuits regarding its or BofA's "reverse mortgage consumer practices." *See* Ex. A.

These categories are overbroad and have no bearing on the claims raised in this action. Plaintiffs cannot sue first and then try to bootstrap information from unrelated complaints or "investigations" into their theory.[5]  What plaintiffs may have alleged in other lawsuits is irrelevant to the factual circumstances of this case.  Nor do other foreclosure lawsuits have any relevance to the peculiar facts underlying the suit against Alhassid.  Moreover, and needless to say, Nationstar does not have control or access to BofA's records concerning BofA's loans.

Even if the testimony sought were minimally relevant, complying with such a demand would be unduly burdensome and oppressive.  *Acton v. Target Corp.*, C08-1149RAJ, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009).  Nationstar does not maintain searchable records that would allow it to determine whether any other lawsuit raises allegations similar to those asserted here.  It would require untold hours for Nationstar to review every judicial foreclosure complaint it has filed, as well as every complaint filed against it, to determine whether the allegations are related to those Alhassid asserts.  It would be unreasonably burdensome to prepare a lay witness to testify whether any lawsuits so identified are related.

Moreover, Nationstar is willing to affirm to plaintiffs that there are no other class action lawsuits pending against it asserting the theory plaintiffs allege here.  Requiring any testimony on individual lawsuits would serve no purpose.

## V.  CONCLUSION

For the reasons stated, the Court should grant the motion and issue a protective order precluding plaintiffs from taking a deposition on the topics of examination discussed above.

---

[5] *See Ingersoll v. Farmland Foods, Inc.*, 10-6046-CV-SJ-FJG, 2011 WL 1131129, at *14 (W.D. Mo. Mar. 28, 2011) (denying motion to compel discovery regarding allegedly related lawsuits in putative class action); *see also Chen v. Ampco Sys. Parking*, 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009); *In re Pabst Licensing GmbH Patent Litig.*, CIV. A. 99-MD-1298, 2001 WL 797315, at *19-20 (E.D. La. July 12, 2001).

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO
RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties or non-parties who may be affected by the relief sought in this motion

in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Alan G. Greer
ALAN G. GREER

DATED:  October 15, 2014.                          Respectfully submitted,

/s/ Alan G. Greer
ALAN G. GREER
Florida Bar No.: 123294
agreer@richmangreer.com
NATHANIEL M. EDENFIELD
Florida Bar No.: 91034
nedenfield@richmangreer.com
**RICHMAN GREER, P.A.**
396 Alhambra Circle
North Tower – 14th Floor
Miami, FL  33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

JOHN B. SULLIVAN (pro hac vice)
jbs@severson.com
MARK D. LONERGAN (pro hac vice)
mdl@severson.com
ERIK KEMP (pro hac vice)
ek@severson.com
JONAH S. VAN ZANDT (pro hac vice)
jvz@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile:  (415) 956-0439

*Attorneys for Nationstar Mortgage, LLC
alleged to be d/b/a Champion Mortgage*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 15, 2014, I electronically filed the foregoing with

the document with the Clerk of the Court using the CM/ECF filing system. I also certify that the

foregoing document is being served this date on all counsel of record or pro se parties on the

attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by the CM/ECF system or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alan G. Greer
ALAN G. GREER

## SERVICE LIST

HERSSEIN LAW GROUP
650 SE 12th Street, #101
Dania Beach, FL 33004
Telephone: (660) 287-4557
Geoff Hirshberg, Esq.
E-mail: Geoff@hersseinlaw.com
*Attorneys for Plaintiff*

AKERMAN SENTERFITT
SunTrust International Center – 25th Floor
One S.E. Third Avenue
Miami, FL 33131-1714
Telephone: (305) 374-5095
Christopher S. Carver
E-Mail: Christopher.carver@akerman.com
*Attorneys for Bank of America*

HERSSEIN LAW GROUP
12000 Biscayne Blvd., Suite 402
North Miami, FL 33181
Telephone: (305) 531-1431
Iris Joy Herssein, Esq.
E-mail: iris@hersseinlaw.com
Reuven Herssein, Esq.
E-mail: reuven@hersseinlaw.com
Maxwell M. Nelson, Esq.
E-mail: max@hersseinlaw.com
Jeffrey L. Goodman, Esq.
E-mail: Jeffrey@hersseinlaw.com
*Attorneys for Plaintiff*

BEIGHLEY, MYRICK & UDELL, P.A.
150 West Flagler Street, Suite 2050
Miami, FL 33130
Telephone: (305) 349-3930
Maury L. Udell, Esq.
E-mail: mudell@bmulaw.com
*Attorneys for Plaintiff*

GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, D.C. 2001
Telephone: (202) 346-4000
David L. Permut, *pro hac vice*
E-Mail: dpermut@goodwinprocter.com
*Attorneys for Bank of America*

GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Matthew G. Lindenbaum, *pro hac vice*
E-mail: mlindenbaum@goodwinprocter.com
dkantrowitz@goodwinprocter.com
*Attorneys for Bank of America*