

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CLASS ACTION
CASE NO. 1:14-cv20484-BLOOM

SARAH ALHASSID, &
SARAH DRENNEN
on their own behalf and on behalf
of all others similar situated,

          **Plaintiff,**

vs.

BANK OF AMERICA, N.A., &
NATIONSTAR MORTGAGE LLC
(D/B/A CHAMPION MORTGAGE),

          **Defendants.**
_____/

**RE-NOTICE OF TAKING VIDEO DEPOSITION DUCES TECUM OF DEFENDANT
NATIONSTAR MORTGAGE LLC'S CORPORATE REPRESENTATIVE(S)
PURSUANT TO FED. R. CIV. P. 30(B)(6) IN ACCORDANCE WITH THE TERMS OF
DEFENDANT'S 9/17/2014 LETTER**
**(Unilaterally Set, as Defendant Refuses to Coordinate and Supply Dates Even Though All
Topics were Proposed and Agreed to by Nationstar in its Correspondence Dated 9/17/14)**

TO:    Alan G. Greer, Esquire
         Richman Greer, PA
         396 Alhambra Cir.
         North Tower – 14th Floor
         Miami, FL 33134

**PLEASE TAKE NOTICE** that the Plaintiff will take the deposition(s), by oral examination, of the person(s) named below, at the time, on the date, at the hour, and at the place indicated:

**NAME:**                  Defendant Nationstar Mortgage, LLC's Corporate Representative(s) able to testify concerning information known or reasonably available to Defendant regarding the topics listed in the attached Exhibit A

**DATE:**                  November 20, 2014

**TIME:**                  9:00 a.m.

**LOCATION:**        Herssein Law Group
                           12000 Biscayne Blvd., Ste. 402

Miami, FL 33181

**YOU ARE COMMANDED** to appear before a person authorized by law to take a video deposition at the address and time listed above, for the taking of your deposition in this action, to testify regarding the following topics:

### Exhibit A: 30(b)(6) Topics – as Proposed by Nationstar Mortgage, LLC

1. Nationstar's relationship and interactions with its division, Champion.
2. The default status of Ms. Alhassid's loan when servicing was transferred from Bank of America to Nationstar and steps, if any, taken by Nationstar to confirm that status.
3. The decision to initiate a foreclosure lawsuit against Ms. Alhassid.
4. The assessment of property inspection fees, appraisal fees, and service fees on Ms. Alhassid's account since her default, including the services performed for these fees and who performed them.

**YOU ARE ALSO COMMANDED** to have with you the following:

### Exhibit B: Duces Tecum

1. All documents referred to or relied on in preparing for this deposition.
2. All documents relating to the topics in Exhibit A.
3. All communications, including but not limited to emails and letters, between Defendant and Bank of America, NA (and their agents or subsidiaries), mentioning the word "Alhassid" since the inception of her reverse mortgage contract.
4. All documents mentioning the word "Alhassid" in your possession, custody or control.
5. All communications, including but not limited to emails and letters, between Defendant and the insurer that supposedly provided coverage as a result of Defendants' decision to put force-placed insurance on Plaintiff Alhassid's property.
6. All agreements, declaration pages, insurance contracts, or other materials relating to the force-placed insurance on Plaintiff Alhassid's property.
7. All documents evidencing the due diligence you performed prior to concluding, or adopting Co-Defendant's conclusion, that Plaintiff Alhassid's reverse mortgage loan was in default, and deciding to put force-placed insurance on her property.
8. All documents evidencing the due diligence you performed prior to the sale or assignment of mortgages and servicing rights from Bank of America, NA both with

respect to the specific reverse mortgage loan entered into by Plaintiff, and with respect to all national mortgage loans in existence within the past five years.

9. Any and all mortgage servicing rights agreements executed by Defendant and Bank of America, NA, or their agents and subsidiaries.

10. All documents, including contracts, drafts of contracts and proof of payment, that refer or relate to the sale or assignment of mortgages and servicing rights to Defendant during the past five years from Bank of America, NA.

11.  All documents, including contracts, drafts of contracts and proof of payment, that refer or relate to the sale or assignment of mortgages and servicing rights to Defendant during the past five years from any party.

12. All contracts in your possession to which any class member is a party, including but not limited to notes, security agreements, financing statements, in connection with the mortgage and or Note attached to or referred to in the attachments to Plaintiff's second amended complaint, and all brokerage agreements, guarantees, UCC-1 forms, UCC-11 forms, mortgages, and insurance agreements.

13. All disclosure statements given to potential class members or other notices of their rights in connection with the agreement, the reverse mortgage and or mortgage deed attached to or referred to in the attachments to Plaintiff's second amended complaint with respect to all affected potential class members.

14. All telephone log sheets or other internal memoranda or notes concerning the transactions which are the subject of this lawsuit, and communications with Plaintiffs.

15. All documents summarizing or memorializing any oral communications between the potential class members and Defendant related to or in any way connected with the loan transactions which are the subject of this lawsuit, and all documents containing or relating to any written communications between you and potential class members in connection with the agreement, the mortgage and or mortgage deed attached to or referred to in the attachments to Plaintiff's complaint.

16. All documents relating to any fees, commissions or other debits or payments received to or from potential class members in connection with the agreement, the reverse mortgage and or mortgage deed attached or referred to in the attachments to Plaintiff's second amended complaint.

17. All documents prepared in connection with or relating to all actions taken by any person acting on your behalf to ensure compliance with the Truth in Lending Act in the transactions which are the subject matter of this lawsuit.

18. Any internal memoranda, including in any electronic format, regarding the property appraisal fees and any companies retained to conduct property appraisals.

3

19. All documents indicating payments received and/or posted to the potential class members' and whether the payment was posted to interest or principal, late charges, or escrows for the mortgage and note sued upon.

20. All documents relating to the collection of escrow charges assessed against the Homeowner and paid by you or your agents and or employees.

21. All documents related to the acquisition of the mortgages or reverse mortgages and or notes for which you claim the right to reestablish and enforce, including but not limited to any and all pooling and or servicing agreements, assignments, endorsements, allonges, and copies of both sides of each and every check, and/or other evidence of payment, issued by you or received by anyone in connection with or related to the acquisition of the mortgage and note that you claim to hold and/or have the right to reestablish and or foreclose. The requested include the following:

    - Checks you made payable to anyone;
    - Checks payable to any of your agents;
    - Checks endorsed to you or any of your agents;
    - Checks made payable to any other persons receiving a portion of the forced placed insurance proceeds which you paid in connection with the transaction;
    - Any checks issued to pay for force placed insurance premiums, the costs associated with force placed insurance premiums, appraisal fees associated with any force placed insurance for which you seek reimbursement, credit reporting fees associated with force placed insurance, real estate title searches associated with force placed insurance, checks made payable to anyone other than the homeowner issued in connection with force placed insurance for which you seek reimbursement;
    - Any checks issued to pay for delinquent taxes, the costs associated with the payment of delinquent taxes, and any fees associated with the payment of delinquent taxes; and
    - Checks made payable to anyone other than the potential class members issued in connection with the payment of delinquent taxes for which you seek reimbursement.

22. All documents relating to any and all property inspection, property appraisal, and property preservation charges passed on to potential class members, including notices of amounts due, any delinquency, checks evidencing payment and dates of payment, and the amounts of any payments made.

23. All documents relating to any and all property appraisals done on any loan that Defendant serviced, including photos of the properties, copies of the actual appraisals, copies of the [relevant State issued] license numbers for the property appraisers that conducted the

4

appraisals, copies of any and all proof that a copy of the appraisal was mailed to the homeowner, copies of any and all correspondence between the companies that that handled the appraisals, Bank of America, NA, and Defendant.

24. All documents relating to the collection of escrow charges assessed against the potential class members and paid by you.

25. All documents relating to the escrow charges passed on to the potential class members, including notices of amounts due, any delinquency, checks evidencing payment and dates of payment, and the amounts of any payments made.

26. Any and all documents, writings, or notes which show or establish or tend to establish that there were unpaid and delinquent taxes "and/or" insurance associated with the s potential class members properties at any time in 2007, 2008, 2009, 2010, 2011, 2012, or 2013.

27. Any and all documents, writings, or notes which show or establish or tend to establish that Defendant or Bank of America notified the potential class members that there were unpaid and delinquent taxes "and/or" insurance associated with the subject property.

28. Any and all documents, writings, or notes which show or establish or tend to establish that there was a lapse in the insurance coverage required of the potential class members with regard to the subject properties at any time in 2007, 2008, 2009, 2010, 2011, 2012, or 2013.

29. All documents constituting, summarizing or memorializing any communications between your company and any representative of the Mystic Pointe Condominium No. 2 Association relating to Plaintiff Alhassid.

30. All written correspondence between your company and any representative of Mystic Pointe Condominium No. 2 Association that are related in any way to the Ms. Alhassid.

31. All documents summarizing or memorializing any oral communications between your company and any representative of Bank of America, NA (and its agents and subsidiaries) that are related in any way to Plaintiffs, their properties, and any actual or potential Class Members.

32. All written correspondence between your company and Bank of America, NA (and its agents and subsidiaries) that are related in any way to Plaintiffs, their properties, and any actual or potential Class Members.

33. Any and all documents, writing, notes and or contracts which may show or establish or tend to establish that you met the requirements of Florida Administrative Code 3D-40.008(1)-(10) entitled "Fees and Commissions" in connection with the loan(s) referred to above

34. Any and all documents, writing, notes and or contracts which may show or establish or tend to establish that you met the requirements of Florida Administrative Code 3D-40.175 entitled "Mortgage Brokerage Files" entitled "Fees and Commissions" in connection with the loan(s) referred to above, and the entire contents of all such Mortgage Brokerage files kept in connection with the loan(s) referred to above.

35. Any and all documents, writing, notes and or contracts which may show or establish or tend to establish that you met the requirements of Florida Administrative Code 3D-40.177 entitled "Mortgage Brokerage and Lending Transaction Journal" in connection to the loans referred to above, and the entire contents of all such Mortgage Brokerage and Lender Transactions Journal" kept in connection with the loan(s) referred to above.

36. Any and all documents, writing, notes and or contracts which may show or establish or tend to establish that you met the requirements of Florida Administrative Code 3D-40.260 entitled "Mortgage Lender Files" in connection to the loans referred to above, and the entire contents of all such Mortgage Lender Files" kept in connection with the loan(s) referred to above.

37. Any and all documents that are related in any way to the securitization of the potential class members' mortgages and note from the date of closing to the present date.

38. Any and all documents reflecting or relating to the relationship between or among any of the following: Bank of America, Nationstar Mortgage, LLC, and Champion Mortgage Company, including documents reflecting co-ownership of corporations, partnership agreements, joint venture agreements, and communications reflecting transactions and/or all agreements between or among these entities.

39. If the chain of title does not provide the entire ownership of the note and mortgage uninterrupted, provide the documents which demonstrate the uninterrupted ownership of the note and mortgage from closing until today.

40. Copies of any and all allonges to the note under Plaintiff's control for the potential class members mortgages and note which are the subject of this lawsuit.

To be taken before a court reporter and notary public or before their duly designated representative, who is not of counsel to the parties nor interested in the event of the cause. The

video deposition(s) are being taken for the purposes of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of this document has been furnished via email to the below addressees on this 15th day of October, 2014.

/s/ Max M. Nelson, Esq.
Max M. Nelson

Alan Graham Greer
agreer@richmangreer.com,

Brendan I Herbert
brendan.herbert@akerman.com,

Christopher Stephen Carver
christopher.carver@akerman.com

David L. Permut
dpermut@goodwinprocter.com

David S. Kantrowitz
dkantrowitz@goodwinprocter.com

Franklin G. Burt
fburt@cfjblaw.com

Geoff Hirshberg
geoff@hersseinlaw.com

7

Iris Joy Herssein

iris@hersseinlaw.com

Jeffrey Louis Goodman

jeffrey@hersseinlaw.com

Matthew G. Lindenbaum

mlindenbaum@goodwinprocter.com

Maury Lorne Udell

mudell@bmulaw.com

Maxwell Miller Nelson

 max@hersseinlaw.com

Nathaniel Mark Edenfield

nedenfield@richmangreer.com

Reuven T. Herssein

reuven@hersseinlaw.com

John B. Sullivan

jbs@severson.com

Jonah S. Van Zandt

jvz@severson.com

Mark Douglas Lonergan

mdl@severson.com

Erik Kemp

ek@severson.com

        Respectfully submitted,

        **HERSSEIN LAW GROUP**
        **12000 Biscayne Boulevard**
        **Suite 402**
        **North Miami, Florida 33181**
        **Telephone No: (305) 531-1431**
        **Facsimile No: (305) 531-1433**

        *[signature]*

        _____
        **REUVEN HERSSEIN, ESQUIRE**
        **FBN 0461504**
        **IRIS HERSSEIN, ESQUIRE**
        **FBN 0462391**
        **JEFFREY L. GOODMAN, ESQUIRE**
        **FBN 0068878**
        **GEOFF HIRSHBERG, ESQUIRE**
        **FBN 0092772**
        **MAX M. NELSON, ESQUIRE**
        **FBN 0084532**
        **Attorneys for Plaintiff**

        **Beighley, Myrick & Udell, P.A.**
        **150 West Flagler Street**
        **Suite 2050**
        **Miami, FL 33130**
        **(305)-349-3930 – Phone**
        **(305) 349-3931 – Fax**

        **/s/ Maury L. Udell**
        _____
        **MAURY L. UDELL, ESQUIRE**
        **FBN 121673**
        **Attorney for Plaintiff**