UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 14-20484-BLOOM/VALLE

SARA ALHASSID, on her
own behalf and on behalf
of all others similarly situated,

      Plaintiffs,

      v.

BANK OF AMERICA, N.A., et al.,

      Defendants.
_____

## ORDER ON DISCOVERY MOTIONS

THIS CAUSE is before the Court upon Plaintiffs' Motion to Overrule Defendant Bank of America N.A.'s Objections and Compel Better Answers to First Interrogatories (ECF No. 114), Defendant Nationstar Mortgage LLC's Motion for Protective Order regarding Plaintiffs' Rule 30(b)(6) Deposition Notice (ECF No. 117), and Plaintiffs' Motion to Compel Nationstar to Make Fed. R. Civ. P. 30(b)(6) Designations Relating to Class Action Issues Centered on Numerosity, Typicality and Commonality, and Plaintiff's Sarah Drennen's Claims (ECF No. 118). United States District Judge Beth Bloom has referred the case to the undersigned for discovery. *See* (ECF No. 55).

On November 4, 2014, the undersigned held a hearing on these motions. During the hearing, the parties reached agreement on many of the issues raised in the motions. This Order memorializes the Court's rulings during the hearing. Accordingly, for the reasons stated on the record of the hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Overrule Defendant Bank of America N.A.'s Objections and Compel Better Answers to First Interrogatories (ECF No. 114) is **DENIED AS MOOT** based upon Plaintiffs' and Bank of America's agreement during the hearing. Specifically, in response to Interrogatory 3, by **November 18, 2014**, Bank of America shall produce to Plaintiffs the servicing agreement(s) applicable to Plaintiffs' respective loans. Plaintiffs' motion to compel better responses to Interrogatories 16 through 20 is **DENIED WITHOUT PREJUDICE** to allow review of Bank of America's response to Interrogatory 3. Thereafter, if any issues remain in dispute regarding Topics 16 through 20, the parties are to meet and confer in a good faith effort to resolve such disputes without further Court intervention. If a discovery motion is nonetheless necessary after the meet and confer, the parties must file a joint status report concerning the disputed issues.

2. Defendant Nationstar Mortgage LLC's Motion for Protective Order regarding Plaintiffs' Rule 30(b)(6) Deposition Notice (ECF No. 117) is **DENIED AS MOOT** based upon Plaintiffs' and Nationstar's agreement during the hearing. Specifically, Nationstar agreed to produce a 30(b)(6) deponent on the four examination topics contained in ECF No. 125-1 (the "Re-notice of Deposition").

3. Plaintiffs' Motion to Compel Nationstar to Make Fed. R. Civ. P. 30(b)(6) Designations Relating to Class Action Issues Centered on Numerosity, Typicality and Commonality, and Plaintiff's Sarah Drennen's Claims (ECF No. 118) is **DENIED AS MOOT** based upon Plaintiffs' and Nationstar's agreement during the hearing. The examination topics for Nationstar's 30(b)(6) deponent are those specified in ECF No. 117-1 (the "Original Notice of Deposition"), as modified during the hearing.

      4.      Plaintiffs and Nationstar shall file an initial Joint Status Report by **November 13, 2014**. Prior to filing the initial Joint Status Report, the parties shall meet and confer in a good faith effort to resolve or narrow any remaining issues. The initial Joint Status Report will include an affidavit from Nationstar regarding the feasibility of responding to Plaintiffs' examination topics concerning numerosity, typicality and commonality, as more fully discussed on the record.

      5.      By **November 18, 2013**, Plaintiffs and Nationstar shall file a second Joint Status Report regarding the status of discovery relating to examination Topics 24, 25 and 26 of the Original Notice of Deposition (ECF No. 117-1).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on November 6, 2014.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
District Judge Beth Bloom
All Counsel of Record