UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-20484-BB

SARAH ALHASSID and SARAH
DRENNAN, on her their behalf and on behalf
of all others similarly situated,

        Plaintiff,

  vs.

BANK OF AMERICA, N.A.; NATIONSTAR
MORTGAGE, LLC (D/B/A CHAMPION
MORTGAGE); and JOHN DOE
INSURANCE COMPANY,

        Defendants.

**NATIONSTAR'S COMBINED OPPOSITION TO PLAINTIFFS' MOTIONS TO OVERRULE NATIONSTAR'S OBJECTIONS TO AND TO COMPEL BETTER RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Nationstar Mortgage, LLC ("Nationstar"), for itself and its division Champion Mortgage, respectfully submits this combined opposition to plaintiffs' motions to overrule Nationstar's objections to plaintiffs' first set of interrogatories and requests for production and to compel better responses to same.  Dkt. 77, 78.  Plaintiffs' motions must be denied for several reasons.

The most pervasive problem with plaintiffs' discovery requests is that they incorporate plaintiffs' amorphous and merit-based class definition.  Plaintiffs' class definition includes borrowers who were charged "unauthorized and excessive" fees.  So to respond to plaintiffs' requests, which seek documents and information regarding putative class members, Nationstar would first have to determine to which borrowers it charged "unauthorized and excessive" fees.  Of course Nationstar does not believe it charged such fees to any borrowers.  So the requests in effect seek tacit admissions of liability when Nationstar does not believe it did anything wrong or charged unauthorized or excessive fees.

Even setting this issue aside, these requests would be grossly burdensome.  Nationstar services approximately 2 million loans.  Plaintiffs' requests purport to require Nationstar to review each of these loans to determine whether the borrower was charged an "unauthorized" or "excessive" fee, a process that could take millions of man hours and cost millions of dollars.

This extremely burdensome demand is especially troubling because it is not at all clear how the borrower-specific discovery plaintiffs seek would be relevant.  The premise of a class action is that a case can be decided based on information that is common to all class members – that the court need not sift through details specific to individual members to decide issues that are common to all of them.  If plaintiffs need to obtain and present evidence regarding individual borrowers with loans serviced by Nationstar, then this is not a class action.

1

Second, plaintiffs failed to make any good faith effort to resolve the issues in their motion before burdening the Court with them. Plaintiffs' "meet and confer" effort consisted of an email requesting a conference over the next five business days and a one-sentence follow-up email. The next day, without any further attempt to contact Nationstar, plaintiffs filed this motion.

Finally, plaintiffs' motion fails to comply with Local Rule 26.1(h)(2) by failing to setting forth plaintiffs' requests or Nationstar's objections. This failure is not academic. Plaintiffs ask the Court to overrule every objection Nationstar made to each of their 31 requests for production and 15 interrogatories and to order Nationstar to fully comply with these requests. But plaintiffs' discussion of their requests and Nationstar's objections is limited to a few snippets. The Court cannot possibly grant plaintiffs the sweeping relief they seek based on selective excerpts.

For these reasons and those set forth below, the Court should deny plaintiffs' motions in their entirety.

## I.  BACKGROUND AND PROCEDURAL HISTORY

**A.     Plaintiffs' Complaint.**

Plaintiffs are borrowers with loans serviced by Nationstar or its division Champion. Plaintiffs Alhassid has a reverse mortgage serviced by Champion. *See* Dkt. 73, ¶¶ 17, 41. Plaintiff Drennan has a "traditional" mortgage serviced by Nationstar. *See* Dkt. 73, ¶ 53.

Plaintiff Alhassid alleges that co-defendant Bank of America, N.A., the prior servicer of her loan, improperly charged her for lender-placed insurance, which pushed her loan into default status after the loan's servicing rights were transferred to Champion . *See* Dkt. 73, ¶¶ 25, 28, 30. Once in "default status," Champion charged Ms. Alhassid fees, which she believes were "unnecessary" and "unauthorized." *See id.*, ¶ 44. Plaintiff Drennan alleges that Nationstar charged her various "excessive" and "unauthorized" fees after she obtained a loan modification from Nationstar in April 2014. *See id.*, ¶¶ 52, 56.

Based on these allegations, plaintiffs seek to represent the following putative class of borrowers who were charged "unauthorized and excessive fees of any type":

> Any and all nationwide mortgage borrowers (including but not limited to "reverse" mortgage borrowers) with equity in any type of property, who within the applicable statutes of limitations were charged for unauthorized and excessive fees of any type, such as "service fees," "property preservation" fees, "property inspection" and "appraisal" fees, and or charged for "delinquent [property] taxes" by [Bank of America] (and/or their affiliates, entities or subsidiaries) or Champion (and/or their affiliates, entities or subsidiaries)[.]

*See* Dkt. 73, ¶ 63(b).  Plaintiffs also seek to represent 5 putative subclasses. *See id.*, ¶ 63(b)-(f).

**B.     Plaintiffs' Motion.**

On May 29, 2014 plaintiffs served their first set of document requests and interrogatories. Nationstar timely served responses on July 30, 2014.  The majority of plaintiffs' discovery requests are objectionable for numerous reasons.

The most pervasive issue is plaintiffs' incorporation of their vague, merit-based class definition in their requests.[1]  As Nationstar explained in its responses, plaintiffs' merit-based class definition is improper because it would require Nationstar to either tacitly admit wrongdoing or require the court to judge the merits of plaintiffs' claims – i.e. determine whether borrowers were charged "unauthorized" or "excessive" fees – at the outset of the case.[2]  In order

---

[1] At least 16 of plaintiffs' 31 document requests incorporate plaintiffs' merit-based class definition.  See Dkt. 76-1, RFP nos. 2, 3, 4, 5, 6, 7, 8, 10, 13, 15, 16, 17, 18, 19, 28, 31.  At least 8 of plaintiffs' 15 interrogatories incorporate plaintiffs' class definition.  See Dkt. 77-2, interrogatory nos. 4, 5, 7, 8, 11, 12, 14, 15.

[2] *See* Dkt. 76-2, at pp. 2-3; 77-2, at pp. 2-3, citing *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 63-64 (D. Nev. 1985) ; accord: *Bostick v. St. Jude Medical, Inc.*, 2004 WL 3313614 at *16 (W.D. Tenn. 2004); *Kline v. Security Guards, Inc.*, 196 F.R.D. 261, 266-68 (E.D. Pa. 2000); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 445-46 (E.D. Pa. 2000); *Wansrath v. Time Warner Entertainment*, 1997 WL 122815 at *3 (S.D.N.Y. 1997); *Forman v. Data Transfer*, 164 F.R.D. 400, 403 (E.D. Pa. 1995); *Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 626-627 (N.D. Ill. 1987).

to respond to plaintiffs' discovery requests asking for documents or information about the "class," Nationstar would need to do the same thing.  Of course, Nationstar does not believe it or Champion charged anyone "unauthorized" or "excessive" fees.  So plaintiffs' incorporation of their class definition into their discovery requests improperly renders the requests effectively impossible to respond to without expending millions of dollars of research time and effort to search millions of loan files

On August 19, 2014 counsel for plaintiffs sent an email to counsel for Nationstar asking for "some available times that fall within the next five business days to conference on the discovery objections filed on behalf of Nationstar[.]"  Plaintiffs did not wait for a response and instead filed two motions to compel the next day, two business days after asking for a conference within the next five business days.

## II.  ARGUMENT

### A.   Nationstar's Objections Are Well-Founded.

Plaintiffs' requests are objectionable for numerous reasons.  The most glaring problem with plaintiffs' requests stems from their incorporation of plaintiffs' merit-based class definition, which renders them effectively impossible to respond to without expending millions of dollars of research time to search millions of loan files.  For example, plaintiffs' document requests seek "[a]ll contracts in your possession to which any class member is a party…." *See* Dkt. 76-1, request no. 2.  Similarly, plaintiffs' ask Nationstar to "identify any and all persons who could be identified as members of the prospective class as alleged in the complaint…." *See* Dkt. 77-1, interrogatory 4.

In order to respond to these requests, Nationstar would first need to identify all putative class members.  To do that, Nationstar would have to determine, among other things, which of its borrowers were charged "unauthorized and excessive" fees.  Of course, Nationstar does not

4

believe it charged *any* borrowers "unauthorized" or "excessive" fees. So it is impossible for it identify any members of the putative class that plaintiffs seek to represent and, therefore, impossible to respond to plaintiffs' requests. *See supra* at 3, fn. 1.

The class definition is unintelligible in other ways. It includes all persons "with equity in any type of property." *See* Dkt. 73, ¶ 63(b). Nationstar cannot practicably determine from its records which borrowers have equity in their properties. Making this evaluation would require a trier of fact to determine the amount of all liens on any borrower's property, not just the loans Nationstar or Champion services, and compare it against the property's fair market value.

The class definition includes borrowers who were charged fees "within the applicable statutes of limitations," (*see* Dkt. 73, ¶ 63(b)), but plaintiffs do not specify which limitations period for which of their nine claims should apply. Six of those claims are common-law claims on which the limitations period will vary from state to state. So, even were the inquiry otherwise feasible, Nationstar would have to conduct a choice-of-law analysis for all 50 states to determine which limitations period applies and which borrowers' claims accrued in timely fashion.

Even if the putative class were ascertainable, it would be extraordinarily burdensome for Nationstar to respond to the requests. Nationstar services approximately 2 million loans.[3] Requiring Nationstar to review the records for each of these loans to determine whether the borrower was charged a fee that plaintiffs consider "unauthorized" or "excessive" would take millions of man-hours. Needless to say, plaintiffs have not offered to shoulder the enormous financial burden to obtain the information they seek despite the fact that the cost of producing the information far outweighs any benefit plaintiffs might garner from it. The discovery should be

---

[3]*See* http://quote.morningstar.com/stock-filing/Annual-Report/2013/12/31/t.aspx?t=XNYS:NSM&ft=10-K&d=d6d58c3bc6db4f025b02af9d07a5004a

limited to protect Nationstar from this type of financial burden.  *See* Fed. R. Civ. P. 26(b)(2)(iii)(discovery should be limited when "the *burden* or *expense* of the proposed discovery outweighs its likely benefit"(emphasis added)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (explaining that Rule 26 permits costs shifting to the party seeking discovery when the request imposes an undue burden or expense).

Moreover, it is not clear what place the borrower-specific information that plaintiffs are seeking would have in this case.  Plaintiffs ask for every putative class member's promissory note and allonge.  *See* Dkt. 76-1, RFPs nos. 30, 31.  They ask for all disclosure statements and all correspondence with all borrowers.  *See id.*, RFP nos. 3, 4.  They ask for all documents demonstrating compliance with the Truth in Lending Act, a claim of violation that is not even alleged in this lawsuit.  *See id.*, RFP no. 8.  If plaintiffs need evidence that is specific to individual borrowers and their loans to prove their claims, this case cannot be decided on common issues and cannot proceed as a class action.

Many of plaintiffs' requests are objectionable for additional obvious reasons.  For example, certain requests ask for documents evidencing compliance with certain code sections "in connection with the loan(s) referred to above."  *See* Dkt. 76-1, requests 24,25, 26, 27.  There are no "loan(s) referred to above."  And some of the supposed code sections plaintiffs cite, like Florida Administrative Code 3D¬40.175 and Florida Administrative Code 3D¬40.177, do not exist.  So the requests are incoherent.

Plaintiffs' interrogatory 7 asks Nationstar to "identify the person with the most knowledge of the transaction of 'force place [sic] insurance' kickback scheme between Bank of America and any insurer who placed unnecessarily inflated insurance on a property of a class member."  *See* Dkt. 76-1, interrogatory 7.  It is not clear to what "transaction" this interrogatory

6

refers or why plaintiffs are asking Nationstar about a transaction between Bank of America and unnamed "insurers." Nationstar contends it did not place "unnecessarily inflated insurance" on any borrowers' property.

Interrogatory 2 asks Nationstar to "identify any and all lawsuits wherein Nationstar is named as a defendant as a result of the business practices alleged in Plaintiffs [sic] Complaint in the United States." *See* Dkt. 76-1, interrogatory 2. It is impossible to identify from plaintiffs' rambling Second Amended Complaint what specific "business practices" are alleged therein. One of the business practices "alleged in Plaintiffs [sic] Complaint" is loan servicing. Do plaintiffs mean to require Nationstar to identify any lawsuit against it that relates to its loan-servicing? If so, the interrogatory would be extraordinarily burdensome. At the same, it is unclear what any of these lawsuits might have to plaintiffs' suit.

In sum, plaintiffs' discovery requests are vague and unintelligible, most notably because most of them incorporate plaintiffs' merit-based class definition. These objections and Nationstar's other objections are well-founded. The Court should sustain them.

**B.     Nationstar Did Not Waive Any Privilege.**

Plaintiffs also argue that Nationstar waived the attorney client and work product privileges with respect to each of plaintiffs' discovery requests because it did not serve a privilege log concurrent with its written responses. See Dkt. 76, at p. 2; Dkt. 77, at p. 2. But while the Federal Rules of Civil Procedure and this Court's Local Rules require the preparation of a privilege log, neither states that a party waives any and all privileges if he does not serve a log concurrent with his written responses. And none of the cases that plaintiffs cite support this

7

Draconian position.  They undermine it.[4]   In addition, at least one Circuit Court has explicitly rejected plaintiffs' argument that the failure to serve a privilege log concurrent with written responses results a waiver.  See *Burlington & Northern Santa Fe Ry. Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

In any event, given the amorphous nature of plaintiffs' discovery requests, it would have been impossible for Nationstar to have provided a privilege log with its written responses.  As discussed, it is impossible to determine from plaintiffs' amorphous requests the universe of documents or information requested, most notably because it is impossible to identify the contours of the putative class plaintiffs purport to represent.  Even if Nationstar could ascertain the documents and information requested, many of plaintiffs' requests could require Nationstar to review documents for millions of borrowers, a universe that would encompass literally millions of documents.  There is no way such a daunting task could have been completed by the time Nationstar's written responses were due.  Under these circumstances, it was appropriate for Nationstar to assert the attorney client and work product privileges to preserve them.

---

[4] In *Devries v. Morgan Stanley & Co. LLC*, Slip Copy, 2013 WL 3243370 (S.D. Fla. 2013), the court held where the plaintiff had not served a privilege log over four months after serving written responses, and based on the circumstances presented, that the failure resulted in a waiver with respect to some of the requested documents. *See id.* at *3.  With respect to others, the court ordered the plaintiff to produce a privilege log. *See id.* at *3.  If the failure to serve a privilege log concurrent with written responses resulted in a waiver of any privilege claim – as plaintiffs here contend – it would have made no sense for the Court to order the plaintiff to produce a privilege log with respect to certain documents.  In *Anderson v. City of Naples*, Slip Copy, 2010 WL 4853916, at *3 (M.D. Fla. 2010) and *Hoglund v. Limbach Constructors, Inc.*, Slip Copy, 1998 WL 307457, at *3 (S.D. Fla. 1998), the courts held that information at issue was not privileged.  Any remaining statements about privilege logs are dicta not entitled to precedential effect.

### C. Plaintiffs Did Not Attempt in Good Faith to Meet And Confer.

A party filing a motion to compel must certify that he or she in good faith met and conferred with opposing counsel prior to filing the motion or attempted to do so. *See* Fed. R. Civ. Proc. 37(a)(1); Local Rule 7.1(a)(3). The purpose of the "meet and confer" requirement is "to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court." *Sierra Equity Group v. White Oak Equity Partners*, LLC, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009).[5] The meet-and-confer obligation requires a genuine two–way communication wherein both parties engage in meaningful dialogue to resolve each specific discovery dispute. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996); *Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990). Numerous courts have denied discovery motions preceded by limited and cursory correspondence.[6]

Plaintiffs' "effort" to resolve their issues with Nationstar consisted of two brief emails requesting a telephone conference some time over the next five business days. Neither email specified any particular issue that plaintiffs had with Nationstar's objections. Nor did either email state that plaintiffs intended to file a motion to compel. Two business days after requesting a conference sometime within the next five business days, plaintiffs filed their

---

[5] *See Elan Microelectronics Corp. v. Pixcir Microelectronics Co. Ltd.*, Slip Copy, 2013 WL 4101813, at *5 (D. Nev. 2013); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6] *See Compass Bank v. Shamgochian*, 287 F.R.D. 397 (S.D. Tex. 2012); *Kemp v. Harris*, 263 F.R.D. 293 (D. Md. 2009); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003); *Williams v. Bd. of County Com'rs of Unified Government of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698 (D. Kan. 2000).

motions. This does not constitute a good faith effort to meet and confer. Plaintiffs' motions should be denied for this reason alone.[7]

### D. The Court Should Deny Plaintiffs' Motions Because They Do Not Comply With Local Rule 26.1(h)(2).

Plaintiffs' motions should be denied for the independent reason that they do not comply with Local Rule 26.1(h)(2), which states that the moving party "shall" set forth in his motion (a) "the specific item to be compelled," (b) "the specific objections, and "the reasons assigned as supporting the motion as it relates to that specific item." Rule 26.1(h)(2) "is not discretionary." *Habersham Plantation Corp. v. Molyneux*, Slip Copy, 2011 WL 1832782, at *4 (S.D. Fla. 2011). So a moving party's failure to comply with Rule 26.1(h)(2) warrants denial of the motion.[8]

This case exemplifies the purpose of Rule 26.1(h)(2). Plaintiffs ask the Court to overrule *all* of Nationstar's objections to each of plaintiffs' 31 requests for production and 15 interrogatories and to compel Nationstar to provide *all* requested documents and information. But it offers only brief snippets of the actual requests and objections. The Court cannot possibly grant plaintiffs the sweeping relief they seek based on these excerpts. Nationstar's objections are not "boilerplate" (*see* Dkt. 76, p. 3; Dkt. 77, p. 3), but instead specific enough to apprise plaintiffs of the various defects with the their requests, as would have been apparent had they complied with Local Rule 26.1(h)(2).

### III. CONCLUSION

For the reasons set forth above, plaintiffs' motions should be denied in their entirety.

---

[7] *See Sierra Equity Group*, *supra*, 672 F. Supp. 2d at 1370; *Williams v. Ocean Title Co.*, No. 07–80252, 2007 WL 1805792, at *1 (S.D. Fla. 2007); *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F.Supp.2d 1319, 1327–1328 (S.D. Fla. 2004).

[8] *See Emergency Services 24, Inc. v. Federated Mut. Ins. Co.*, Slip Copy, 2011 WL 5360080, at *7 (S.D. Fla. 2011); *Habersham Plantation*, *supra*, 2011 WL 1832782, at *4; *see also Sierra Equity Group*, 672 F. Supp. 2d at 1370.

10

DATED:  August 28, 2014.                    Respectfully submitted,

/s/ Alan G. Greer
ALAN G. GREER
Florida Bar No.: 123294
agreer@richmangreer.com
NATHANIEL M. EDENFIELD
Florida Bar No.: 91034
nedenfield@richmangreer.com
**RICHMAN GREER, P.A.**
396 Alhambra Circle
North Tower – 14th Floor
Miami, FL  33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Nationstar Mortgage, LLC
alleged to be d/b/a Champion Mortgage*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 28, 2014** a true and correct copy of the foregoing, was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record or *pro se* parties listed on the attached Service List, either via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Alan G. Greer
ALAN G. GREER

**SERVICE LIST**

HERSSEIN LAW GROUP
650 SE 12th Street, #101
Dania Beach, FL 33004
Telephone: (660) 287-4557
Geoff Hirshberg, Esq.
E-mail: Geoff@hersseinlaw.com
*Attorneys for Plaintiff*

AKERMAN SENTERFITT
SunTrust International Center – 25th Floor
One S.E. Third Avenue
Miami, FL 33131-1714
Telephone: (305) 374-5095
Christopher S. Carver
E-Mail: Christopher.carver@akerman.com
*Attorneys for Bank of America*

HERSSEIN LAW GROUP
12000 Biscayne Blvd., Suite 402
North Miami, FL 33181
Telephone: (305) 531-1431
Iris Joy Herssein, Esq.
E-mail: iris@hersseinlaw.com
Reuven Herssein, Esq.
E-mail: reuven@hersseinlaw.com
Maxwell M. Nelson, Esq.
E-mail: max@hersseinlaw.com
Jeffrey L. Goodman, Esq.
E-mail: Jeffrey@hersseinlaw.com
*Attorneys for Plaintiff*

BEIGHLEY, MYRICK & UDELL, P.A.
150 West Flagler Street, Suite 2050
Miami, FL 33130
Telephone: (305) 349-3930
Maury L. Udell, Esq.
E-mail: mudell@bmulaw.com
*Attorneys for Plaintiff*

GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, D.C. 2001
Telephone: (202) 346-4000
David L. Permut, *pro hac vice*
E-Mail: dpermut@goodwinprocter.com
*Attorneys for Bank of America*

GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Matthew G. Lindenbaum, *pro hac vice*
E-mail: mlindenbaum@goodwinprocter.com
dkantrowitz@goodwinprocter.com
*Attorneys for Bank of America*