UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-20484-BB

SARAH ALHASSID and SARAH
DRENNAN, on her their behalf and on behalf
of all others similarly situated,

        Plaintiff,

  vs.

BANK OF AMERICA, N.A.; NATIONSTAR
MORTGAGE, LLC (D/B/A CHAMPION
MORTGAGE); and JOHN DOE
INSURANCE COMPANY,

        Defendants.

**NATIONSTAR'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE AMENDED RESPONSES TO NATIONSTAR'S FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, TO PRODUCE FURTHER RESPONSIVE DOCUMENTS, AND TO PROVIDE VERIFIED RESPONSES TO NATIONSTAR'S INTERROGATORIES**

Defendant Nationstar Mortgage, LLC, for itself and its division Champion Mortgage (collectively "Nationstar"), respectfully submits this motion to compel plaintiffs to serve amended objection-free responses to Nationstar's first sets of interrogatories and requests for production, to produce further documents consistent with their amended responses, and to provide verified responses to Nationstar's interrogatories.

Plaintiffs served their discovery responses late. Accordingly, they waived any objections. Nevertheless plaintiffs' responses assert a slew of general boilerplate objections in their responses, which would have been improper even if they were timely. Plaintiffs have refused to provide responsive information and documents based on their waived boilerplate objections.

Furthermore, in responding to Nationstar's interrogatories, plaintiffs improperly invoke Federal Rule of Civil Procedure 33(d), which permits a party responding to an interrogatory in certain instances to refer to a document in lieu of providing a narrative response. A party invoking Rule 33(d) must specifically identify the document that contains information responsive to an interrogatory and confirm that the document provides a complete response to the interrogatory. Plaintiffs did neither. Instead, in response to each of Nationstar's interrogatories, plaintiffs refer to *every* document that they have produced in this case and vaguely aver that some (but not necessarily all) information responsive to an interrogatory may be found somewhere among the hundreds of pages plaintiffs have produced.

These tactics are abusive and wasteful. The Court should order plaintiffs to provide amended responses that remove all objections and provide complete, straightforward *verified* narrative responses to Nationstar's interrogatories. The Court should further order plaintiffs to produce any documents that they may have withheld based on their waived objections.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs contend that Nationstar charged them "excessive" and "unauthorized" fees in connection with servicing their home loans. Ms. Alhassid alleges that co-defendant Bank of America, which previously serviced her loan, improperly charged her for lender-placed insurance, which pushed her loan into default after servicing was transferred to Champion. *See* Third Amended Complaint ("TAC"), D.E. 148., ¶¶ 26-36. Once in "default status," Champion charged Ms. Alhassid fees she believes were "unnecessary" and "unauthorized." *See id.*, ¶ 35. Ms. Drennen alleges that Nationstar charged her "excessive" and "unauthorized" fees after she obtained a loan modification from Nationstar. *See id.*, ¶¶ 45, 47. Plaintiffs seek to represent a putative nationwide class of borrowers who were charged "unauthorized and excessive" fees. *See id,*, ¶ 54.

On November 14, 2014, Nationstar served interrogatories and requests for production. *See* Exs. A, B, C, D.  Upon plaintiffs' request, Nationstar agreed to extend the due date for plaintiffs' responses to January 16, 2015. *See* Ex. E.  Without seeking an extension from Nationstar's counsel or the Court, Plaintiffs served their responses on January 20, four days late.*See* Exs. F, G, H, I. Plaintiffs' responses to Nationstar's interrogatories were unverified, in violation of Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. Proc. 33(d)(3).

Because the responses were late, plaintiffs waived any objections. *See infra* at 3-4. Nonetheless, plaintiffs interjected numerous boilerplate objections in their responses, including that every interrogatory and document request was "overbroad and unduly burdensome" and "not reasonably calculated to lead to the discovery of admissible evidence." *See* Exs. F, G, H, I. In

many instances, plaintiffs refused to provide any response or to produce documents.[1] In other instances, plaintiffs' responses and production of documents were made "subject to" their objections, and "without waiver thereof." *See* Exs. F, G, H, I.

In addition, plaintiffs' responses to Nationstar's interrogatories improperly invoke Federal Rule of Civil Procedure 33(d), which in certain instances permits a party to refer to business records that contains the response to an interrogatory in lieu of providing a narrative response. Plaintiffs' responses do not refer to specific documents that purportedly contain the information Nationstar requested. Instead, in response to each interrogatory, plaintiffs refer Nationstar to every document they have produced with the vague assertion that some (but not necessarily all) requested information is somewhere in those documents. *See* Exs. F, H.

Nationstar requested that plaintiffs serve amended objection-free responses and providing narrative responses to Nationstar's interrogatories. *See* Exs. J ,K. Plaintiffs eventually responded by requesting a phone conference, which the parties held on February 18. However, plaintiffs would not commit to providing amended responses or documents as Nationstar requested. Furthermore, though plaintiffs served their unverified interrogatory responses on January 20, as of the date of this motion, plaintiffs had not yet served verifications.

---

[1] *See* Ex. F, responses 14, 15, 16, and 21; Ex. G, responses 14, 15; Ex. H, responses 12, 13, 14, 18, Ex. I, responses 13, 14.

## II.  ARGUMENT

A.  **The Court Should Order Plaintiffs to Serve Amended Objection-Free Responses to Nationstar's Discovery Requests.[2]**

By failing to serve timely responses to interrogatories or document requests, a party waives any objections he or she may have asserted.  Pursuant to local rule 26.1(g)(3)(A), "Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."   L.R. 26.1(g)(3)(A); *see also Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 2491009, at *4 (S.D. Fla. June 22, 2011) (finding objections to discovery waived when responses were not filed within the time limits imposed by the Federal Rules). To allow untimely objections to be asserted "would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) quoting *Slauenwhite v. Bekum Maschinenfabriken, GMBH,* 35 F.R.Serv.2d 975 (D.Mass., 1983) (quotation marks omitted). [3]

---

[2] Local Rule 26.1(h)(2) requires a party moving to compel to state for each specific request at issue the item sought to be compelled, the specific objections, and other information. However, this requirement does not apply where the motion is "grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery[.]" Local Rule 26.1(h)(2). This motion is based on plaintiffs blanket assertion of boilerplate objections despite the fact that the objections have been waived and their improper invocation of Federal Rule of Civil Procedure 33(d), which amounts to a complete failure to respond to Nationstar's interrogatories. Accordingly, the requirement to recreate requests and objections does not apply.

[3] *See also* Fed. R. Civ. Proc. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Jaffe v. Grant,* 793 F.2d 1182, 1190 n. 5 (11th Cir.1986) (finding no error in court ruling that Fifth Amendment privilege was waived by failure to timely assert it in response to discovery requests); *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989); ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 686 (S.D. Fla. (footnote continued)

4

Plaintiffs served their responses late. *See supra* at 2. Moreover, they have failed to offer any reason for their tardy responses. They waived their objections. The Court should order plaintiffs to serve amended objection-free responses.

To be clear, this issue is not academic. Relying on their boilerplate objections, plaintiffs have refused to provide any substantive response to eight interrogatories or any documents in response to four production requests. *See supra* n. 1. Some of plaintiffs' refusals are particularly galling. For example, Nationstar asked plaintiffs to identify their relationship, if any, with their attorneys before hiring them. *See* Exhibit A, interrogatory 21; Exhibit C, interrogatory 18. Plaintiffs' prior relationships, if any, with their attorneys – and any conflicts of interest those relationships could present – are clearly relevant to whether plaintiffs can adequately represent the class.[4] But plaintiffs refused to provide any response, apparently because they believe the

---

2012) (holding objections to document requests waived because responses were untimely); *Bailey Indus., Inc. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived.") (citation omitted); *Enron Corp. Sav. Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009) ("There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure."); *Pitts v. Francis*, No. 5:07CV169/RS/EMT, 2008 WL 2229524, at *4 (N.D. Fla. May 28, 2008) (holding that late responses waived objections); *Fonville v. District of Columbia,* 230 F.R.D. 38, 42 (D.D.C.2005) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection.... This is true even when the party objects to disclosure because it claims that the information sought is privileged.").

[4] *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 (11th Cir. 2003) (finding plaintiff an inadequate class representative where he and his attorney had been close friends since high school, and had a previous business relationship); *see also Martz v. PNC Bank, N.A.*, CIV.A.06-1075, 2007 WL 2343800, at *4-5 (W.D. Pa. Aug. 15, 2007) (holding plaintiff inadequate where he was close personal friend of attorney, was also being represented by attorney in another putative class action, and lacked basic knowledge of claims asserted); *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 96-97 (S.D.N.Y. 2010) (holding plaintiff inadequate where he was close personal friend of attorney and may not have fallen within class definition); (footnote continued)

requested information is protected by the attorney-client privilege. *See* Ex. F, response 21, Ex. H, response 18. Plaintiffs do not bother to explain this objection. In fact, it is inconceivable that whether plaintiffs had a prior relationship with their attorneys, or the nature of that relationship, could be protected by the attorney-client privilege. So this objection is frivolous.

Moreover, plaintiffs' other responses state that the written responses and documents are provided "subject to" their objections, and "without waiver thereof." *See* Ext. F, G, H, I. So, for these requests, it is not clear if plaintiffs are surreptitiously withholding information or documents based on their boilerplate objections. Unless plaintiffs are ordered to provide responses and documents without objection, Nationstar will be deprived of relevant information and documents it needs for its defense. Moreover, it may not even know what information or documents are being withheld or why.

Plaintiffs' responses are unclear for additional reasons. For example, in response to document requests, plaintiffs often respond that "relevant" documents are being produced. *See*, *e.g.*, Ex. G, responses 1-3; Ex. I, responses 1, 2, 3. But they fail to confirm that they are producing *all* responsive documents. Instead, the responses strongly suggest that plaintiffs are withholding unidentified documents for unspecified reasons.

The Court should order plaintiffs to (1) serve amended responses to Nationstar's interrogatories and document requests that remove all objections, and (2) provide any information or documents that were previously withheld on the basis of an objection.

---

*Mowry v. JP Morgan Chase Bank, N.A.*, 06 C 4312, 2007 WL 1772142, at *3 (N.D. Ill. June 19, 2007)

**B.      The Court Should Order Plaintiffs to Serve Amended Interrogatory Responses That Provide Narrative Responses.**

Plaintiffs fail to provide straightforward narrative responses to Nationstar's interrogatories. Instead, in response to each interrogatory, plaintiffs purported to invoke Federal Rule of Civil Procedure 34(d), which in certain instances permit a party to identify documents in response to an interrogatory in lieu of a written response.  This was improper for several reasons.

First, a party invoking Rule 33(d) must *precisely* identify the documents where the requested information exists.  *See* 8B Fed. Pac. & Proc. Civ. § 2178 (3d ed. 2014); Local Rule 26.1(g)(4)(A) (when a party invokes Rule 33(d) "The specification of business records and materials to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought.")  It is an abuse of Rule 33(d) to direct the requesting part toward a mass of documents without specifying which document or documents provides responsive information. *See* Fed. R. Civ. Proc. 33(d) cmts. to 1980 amendment; *Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *4 (N.D. Fla. Feb. 27, 2009) (rejecting as "unacceptable" interrogatory response that failed to specify documents that contained responsive information); *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 452 (W.D.N.C. 1991).

But that is exactly what plaintiffs did here. Plaintiffs did not identify a specific document or documents in response to any interrogatory. Rather, in response to Nationstar's interrogatories, plaintiffs reference generally *every* document they have produced. *See* Exs. F, H. They vaguely aver that information responsive to Nationstar's interrogatories may be found somewhere within the hundreds of pages they have produced. This is a flagrant and blatant abuse of Rule 33(d).

7

Second, a party invoking Rule 33(d) must confirm that the referenced documents actually contain all of the information requested. *See* 8B Fed. Prac. & Proc. Civ. § 2178 (3d ed. 2014); *Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13–CV–00018–D, Slip Copy, 2014 WL 1652562, *3 (E.D.N.C. April 23, 2014) citing *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D.Kan. 1997). Plaintiffs fail to do this either.

For example, Nationstar asked Ms. Alhassid to "Identify each insurance policy that has been in effect on the PROPERTY from February 2007 to the present." *See* Ex. A, interrogatory 1. Ms. Alhassid responded that "records relating to [her] property insurance" are included within the 494 pages of documents she has produced. *See* Ex. F, response 1. This does not answer Nationstar's question. Specifically, Ms. Alhassid fails to confirm that the documents she has produced identify "*each* insurance policy" she has had since February 2007. Plaintiffs' other responses are equally vague and evasive and fail to confirm that the documents they have produced include the information that Nationstar has requested.

Indeed, in many instances it would be impossible for Nationstar to discern a response to an interrogatory by reviewing plaintiffs' documents. For example, Nationstar asked Ms. Drennen to identify each fee Nationstar charged her that she contends was improper. *See* Ex C, interrogatory 5. She responds by identifying the same 138 pages of documents she identifies in response to Nationstar's other interrogatories. *See* Ex. H, response 5. Some of those pages reflect fees that were charged to Ms. Drennen. But Nationstar cannot determine which fees *Ms. Drennen* believes were improper by simply reviewing these documents. Only she can do that.

Third, Rule 33(d) is expressly limited to "business records." Fed. R. Civ. Proc. 33(d); *see In re Bilzerian*, 190 B.R. 964, 965 (Bkrtcy. M.D. Fla. 1995) (investigative reports were not business records and, hence, identification of reports in response to interrogatories was

8

improper). The records that plaintiffs identified in response to Nationstar's interrogatories are not their business records. Plaintiffs' invocation of Rule 33(d) is improper for this final reason.

In sum, plaintiffs' reliance on Rule 33(d) was improper and abusive. The Court should order plaintiffs to serve amended responses that provide narrative responses to Nationstar's interrogatories.

### C.    The Court Should Order Plaintiffs to Serve Verified Responses to Nationstar's Interrogatories.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. Proc. 33(b)(3). Plaintiffs did not verify their responses to Nationstar's interrogatories. *See* Exs. F, H. Nor have plaintiffs served verifications in the month since they served their original, unverified responses.

Plaintiffs unverified responses are not evidence. *See Hays v. Adam*, 512 F. Supp. 2d 1330, 1344 (N.D. Ga. 2007) (refusing to consider unverified interrogatory responses on motion for summary judgment) (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003). They are tantamount to no response at all.  In addition to the relief requested above, the Court should order plaintiffs to serve verified responses to Nationstar's interrogatories.[5]

### III.  CONCLUSION

For the reasons set forth above, Nationstar respectfully requests that the Court order that plaintiffs (1) serve amended objection-free responses to Nationstar's interrogatories and production requests that remove any objections, (2) confirm in their written responses that they

---

[5] *See,e..g., Hutchingson v. I.C. Sys., Inc.*, No. 3:09-CV-24-J-25MCR, 2010 WL 556759, at *2 (M.D. Fla. Feb. 11, 2010) (granting motion to compel party to serve verified responses to interrogatories where original responses were unverified); *Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *3-5,  (N.D. Fla. Feb. 27, 2009) (same); *Wilson v. Farris*, No. 607CV-1293-ORL-28KRS, 2008 WL 2695641, at *1 (M.D. Fla. July 2, 2008) (same).

are providing all information or documents responsive to the interrogatories and production requests; (3) serve amended *verified* responses to Nationstar's interrogatories that provide complete narrative responses to Nationstar's interrogatories.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Nathaniel M. Edenfield
NATHANIEL M. EDENFIELD

DATED: February 19, 2015.

Respectfully submitted,

/s/ Nathaniel M. Edenfield
ALAN G. GREER
Florida Bar No.: 123294
agreer@richmangreer.com
NATHANIEL M. EDENFIELD
Florida Bar No.: 91034
nedenfield@richmangreer.com
**RICHMAN GREER, P.A.**
396 Alhambra Circle
North Tower – 14th Floor
Miami, FL 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

JOHN B. SULLIVAN (pro hac vice)
jbs@severson.com
MARK D. LONERGAN (pro hac vice)
mdl@severson.com
ERIK KEMP (pro hac vice)
ek@severson.com
JONAH S. VAN ZANDT (pro hac vice)
jvz@severson.com
SEVERSON & WERSON
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

*Attorneys for Nationstar Mortgage, LLC alleged to be d/b/a Champion Mortgage*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **February 19, 2015** a true and correct copy of the foregoing, was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record or *pro se* parties listed on the attached Service List, either via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Nathaniel M. Edenfield
NATHANIEL M. EDENFIELD

**SERVICE LIST**

HERSSEIN LAW GROUP
650 SE 12th Street, #101
Dania Beach, FL 33004
Telephone: (660) 287-4557
Geoff Hirshberg, Esq.
E-mail: Geoff@hersseinlaw.com
*Attorneys for Plaintiff*

AKERMAN SENTERFITT
SunTrust International Center – 25th Floor
One S.E. Third Avenue
Miami, FL 33131-1714
Telephone: (305) 374-5095
Christopher S. Carver
E-Mail: Christopher.carver@akerman.com
*Attorneys for Bank of America*

HERSSEIN LAW GROUP
12000 Biscayne Blvd., Suite 402
North Miami, FL 33181
Telephone: (305) 531-1431
Iris Joy Herssein, Esq.
E-mail: iris@hersseinlaw.com
Reuven Herssein, Esq.
E-mail: reuven@hersseinlaw.com
Maxwell M. Nelson, Esq.
E-mail: max@hersseinlaw.com
Jeffrey L. Goodman, Esq.
E-mail: Jeffrey@hersseinlaw.com
*Attorneys for Plaintiff*

BEIGHLEY, MYRICK & UDELL, P.A.
150 West Flagler Street, Suite 2050
Miami, FL 33130
Telephone: (305) 349-3930
Maury L. Udell, Esq.
E-mail: mudell@bmulaw.com
*Attorneys for Plaintiff*

GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, D.C. 2001
Telephone: (202) 346-4000
David L. Permut, *pro hac vice*
E-Mail: dpermut@goodwinprocter.com
*Attorneys for Bank of America*

GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Matthew G. Lindenbaum, *pro hac vice*
E-mail: mlindenbaum@goodwinprocter.com
dkantrowitz@goodwinprocter.com
*Attorneys for Bank of America*