UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CLASS ACTION
CASE NO. 1:14-cv20484-BLOOM

SARAH ALHASSID, &
SARAH DRENNEN
on their own behalf and on behalf
of all others similar situated**,**

        Plaintiff,

vs.

BANK OF AMERICA, N.A., &
NATIONSTAR MORTGAGE LLC
(D/B/A CHAMPION MORTGAGE),

        Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NATIONSTAR'S MOTION TO COMPEL PLAINTIFFS TO PROVIDE AMENDED RESPONSES TO NATIONSTAR'S FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION, TO PRODUCE FURTHER RESPONSIVE DOCUMENTS, AND TO PROVIDE VERIFIED RESPONSES TO NATIONSTAR'S INTERROGATORIES**

COMES NOW Plaintiffs Sarah Alhassid and Sarah Drennan ("Plaintiffs"), on their own behalf and on behalf of all similarly situated, pursuant to Local Rules 7 and 26, and hereby file their Response in Opposition to Nationstar's Motion to Compel Plaintiffs to Provide Amended Responses to Nationstar's First Sets of Interrogatories and Requests for Production, to Produce Further Responsive Documents, and to Provide Verified Responses to Nationstar's Interrogatories, and as grounds in support would state as follows:

1. **Nationstar has Waived the Relief Sought Under Local Rule 26.1(i)**

The Motion should be denied in its entirety because Nationstar has waived the relief sought. Local Rule 26.1(i) states that "All motions related to discovery . . . shall be filed within

thirty (30) days of the occurrence of the grounds for the motion. Failure . . . may constitute a waiver of the relief sought." *See, e.g.*, *Jackson v. Hill*, No. 11-14055 (11th Cir. 2012) (affirming denial of motion to compel that was filed more than thirty days after response to discovery); *United States v. Twenty-Nine Pre-Columbian and Colonial Artifacts from Peru*, No. 13-21697 (S.D. Fla. Feb. 3, 2015) (denying discovery motion as untimely based on violation of Local Rule 26.1(i)); *Muzaffar v. Ross Dress for Less, Inc.*, No. 12-61996 2013 WL 5311233, *1 (S.D. Fla. 2013) ("Local Rule 26.1(h)(1) reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve among themselves.").

As admitted by Nationstar, Plaintiffs served their discovery responses on January 20, 2015. Therefore, it was incumbent on Nationstar to file a motion to compel by February 19, 2015, thirty days later. Nationstar has admitted in correspondence that by its calculation, the Motion to Compel had to be filed by Thursday, February 19, 2015. **See Exhibit A.** Instead, the Motion [D.E. 179] was filed outside of the necessary timeframe. On the one hand, Defendant argues for the rigid enforcement of deadlines imposed by the Rules, seeking the harsh ruling that Plaintiffs have waived objections by responding to discovery four days late. On the other, Defendant has failed to comply with the deadlines imposed by the Rules by timely filing the Motion. These contradictory positions cannot be reconciled. A party must abide by the rules to obtain relief from them.

Plaintiffs are willing and able to serve better discovery responses, but this should be resolved out of Court, and not by a late-filed, invalid Motion to Compel.

**2. Nationstar has Failed to Comply with Local Rule 26.1 Specificity Requirements**

Defendant's Motion should also be denied because it does not comply with Local Rule 26.1(i)(2), which states that "Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery . . . shall" include the specific items to be compelled, the objections, the grounds assigned for the objection, and the reasons assigned as supporting the motion as to each item. In a footnote, Nationstar claims that its Motion is an exception to the rule because it "is based on plaintiffs [sic] blanket assertion of boilerplate objections despite the fact that the objections have been waived and their improper invocation of Federal Rule of Civil Procedure 33(d), which amounts to a complete failure to respond to Nationstar's interrogatories."

Closer examination of the Rule is warranted because Nationstar's misunderstands its breadth. The Rule only excuses specificity when the Motion is based on a "complete failure" to respond or "general or blanket objections to discovery." [D.E. 179 at 5]; S.D. Fla. L.R. 26.1(i)(2). Plain language controls. A "complete failure" means just that: no responses to discovery. Nationstar's creative yet baseless position that a responding party's decision to invoke Fed. R. Civ. P. 33(d) constitutes a "complete failure" to respond is without precedent. Plaintiffs responded, as the attachments to Nationstar's Motion demonstrate: the "complete failure" exception is plainly inapplicable. Therefore, to be protected by the Rule, Defendant must successfully argue that Plaintiffs have lodged "general or blanket" objections. A "general" or "blanket" objection, like a blanket itself, is one thing that can or does cover many items. *See, e.g.*, *Berlinger v. Wells Fargo, N.A.*, No. 2:11-cv-459 (M.D. Fla. 2012) (defining what a general or blanket objection is); *DeSoto Health & Rehab, LLC v. Philadelphia Indemnity Ins. Co.*, No. 2:09-cv-599 (M.D. Fla. 2010) (same). In accordance with the Rules, Plaintiffs responded to each

and every interrogatory and request for production in an itemized manner, and did not raise "general" or "blanket" objections covering multiple items at once. Therefore, unless this Court is inclined to redefine the often used litigation terms of "complete failure," "blanket" or "general," the exception does not apply, and Nationstar's improper shortcut is a violation of S.D. Fla. L.R. 26.1(i)(2).

This Rule "is not discretionary." *See Habersham Plantation Corp. v. Molyneux*, 2011 WL 1832782, \*4 (S.D. Fla. 2011). Failure to comply warrants denial. *See id.*; *see also Vazquez v. 4011 Professional Center Condo, Inc.*, No. 07-21276 (S.D. Fla. 2007) (denying motion on this ground); *Emergency Services 24, Inc. v. Federal Mut. Ins. Co.*, 2011 WL 5360080, \*7 (S.D. Fla. 2011). Accordingly, Nationstar's late, non-compliant Motion should be denied in its entirety.

3. **Nationstar did not Comply with the Pre-Filing Conference Requirement, and Better Responses are Forthcoming**

The parties did not confer concerning Plaintiffs' supposedly insufficient discovery responses until February 18, 2015, two days before the filing of the late Motion. Plaintiffs cannot be expected to revise their responses, wholesale, on one or two days' notice, particularly when Nationstar has not adequately communicated what it wants. The February 18, 2015 conferral was used as a low hurdle on the run to Court by Nationstar, rather than a meaningful opportunity to discuss precisely how it wished Plaintiffs to improve their discovery responses. When counsel for Nationstar was asked which specific items required a better response, he responded "all of them." As of the date of this response, Plaintiffs are still unsure as to the actual substantive information that Nationstar wants that will assist it in the defense of this case; discovery motions should not be cloaked in a veil of secrecy. This provision in the local rules exists "to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court." *Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d

4

1369, 1370 (S.D. Fla. 2009). Nationstar's position frustrates the purpose of this Rule.

Plaintiffs are willing and able to revise their discovery responses by identifying the precise documents used in responses to interrogatories where general reference is made pursuant to Fed. R. Civ. P. 33(d). Plaintiffs are also willing to provide more specific and narrative detail with respect to its answer to interrogatories. Again, this is made difficult by the fact that Nationstar has not communicated the specific interrogatories that it deems insufficient. As for the Requests for Production, which are not discussed at length in Nationstar's Motion, Plaintiffs have provided all documents in their possession, custody or control responsive to the Request for Production. This should allay any concern that "plaintiffs are withholding unidentified documents for unspecified reasons."[1] Plaintiffs are currently revising their discovery responses and going to great lengths to decipher what Nationstar actually wants. Plaintiffs request that this Court refrain from issuing a ruling prior to the time that Plaintiffs are able to provide better responses; hopefully, the matter can be resolved without Court intervention, as promoted by the Rules.

    **4. Many of Nationstar's Discovery Requests are Moot in Light of its Reversal of Various Improper and Excessive Charges During this Suit**

The discovery at issue in Nationstar's Motion was served prior to the filing of the simplified Third Amended Complaint, which focuses on fees and foreclosure, while the Second Amended Complaint was more expansive. More importantly, after it was exposed at deposition that Nationstar's charges were unauthorized or excessive, Nationstar reversed and repaid excessive charges with respect to both Drennen and Alhassid. The pleadings and the evidence on file have been altered drastically, and Nationstar's November 2014 discovery requests are moot.

---

[1] In its Motion, Nationstar does not cite one specific response to a Request for Production that it deems substantively improper. Plaintiffs produced almost 700 pages of documentation, constituting everything in Plaintiffs' possession, custody or control relating to this case.

This is likely the cause for Nationstar's failure to point to specific[2] interrogatories and requests for production that it claims are invalid within its Motion.

Since the service of Nationstar's discovery, Plaintiffs took the depositions of Nationstar's corporate representatives. At these depositions, Nationstar admitted that it overbilled property preservation, appraisal and inspection charges, improperly charged for property taxes that were never delinquent, and charged for attorneys' fees and costs that it was not due. Nationstar has reversed the charges. **Exhibit B,** Statement Demonstrating Reversal; **Exhibit C,** check to Drennen. Thus, interrogatories ##8, 9, 10, 11, 12 13, 14, 15, 16, & 17 to Alhassid [D.E. 179-1] and ##5, 6, 7, 8, 9, 10, 11, 12, 13 & 14 to Drennen [D.E. 179-3] as well as requests for production ## 9, 10, 15, 16, 17 & 18 to Alhassid [D.E. 179-2] and ## 9, 10, 14, 15, 16 & 17 to Drennen [D.E. 179-4], all of which relate to fees, charges, and damages, are stale. Nationstar has reversed these very fees and charges and affected the scope of damages since the time that it served the discovery requests at issue. Damages fluctuate, and continue to fluctuate, as Nationstar's billing errors are becoming apparent to it. Much of the discovery is therefore moot, and not the proper subject of a Motion to Compel.

---

[2] Again, Nationstar has not complied with Local Rule 26.1(i)(2), which requires the movant to itemize the specific material it wishes to compel. There are only a few specific and substantive issues that Nationstar raises. First, Nationstar takes issue with an interrogatory that seeks information relating to the attorney-client relationship [D.E. 179 at 6]. Nationstar also claims it cannot find proof of insurance of Alhassid's property insurance within the document production [D.E. 179 at 9], even thought these declaration pages were the first ten pages of Alhassid's document production. The only other specific problem Nationtar raises relates to its claim that Drennen improperly referred to her monthly statements when answering which fees were improper, even though Drennen's position is clear through the pleadings and the statements themselves, and even though Nationstar has credited her account in an attempt to cure these excessive and unwarranted fees and charges. [D.E. 179]. Nationstar is free to ask Drennen about the fees at deposition. The purpose of a Motion to Compel is to obtain discovery information that a party needs to prepare for class certification, summary judgment and trial, not to lodge generalized complaints simply for the sake of lodging generalized complaints.

6

*Conclusion*

Plaintiffs request that this Court deny Nationstar's Motion.

          Respectfully submitted,

          **HERSSEIN LAW GROUP**
          **12000 Biscayne Boulevard**
          **Suite 402**
          **North Miami, Florida 33181**
          **Telephone No: (305) 531-1431**
          **Facsimile No: (305) 531-1433**

          /s/
          _____
          **REUVEN HERSSEIN, ESQUIRE**
          **FBN 0461504**
          **IRIS HERSSEIN, ESQUIRE**
          **FBN 0462391**
          **JEFFREY L. GOODMAN, ESQUIRE**
          **FBN 0068878**
          **GEOFF HIRSHBERG, ESQUIRE**
          **FBN 0092772**
          **MAX M. NELSON, ESQUIRE**
          **FBN 0084532**
          **Attorneys for Plaintiff**

          **Beighley, Myrick & Udell, P.A.**
          **150 West Flagler Street**
          **Suite 2050**
          **Miami, FL 33130**
          **(305)-349-3930 – Phone**
          **(305) 349-3931 – Fax**

          **/s/ Maury L. Udell**
          _____
          **MAURY L. UDELL, ESQUIRE**
          **FBN 121673**
          **Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 27th day of February, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of the Notice of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Max M. Nelson, Esq.</u>
Max M. Nelson, Esq.

Alan Graham Greer
agreer@richmangreer.com,


Brendan I Herbert
brendan.herbert@akerman.com,


Christopher Stephen Carver
christopher.carver@akerman.com


David L. Permut
dpermut@goodwinprocter.com


David S. Kantrowitz
dkantrowitz@goodwinprocter.com


Franklin G. Burt
fburt@cfjblaw.com

8

Geoff Hirshberg

geoff@hersseinlaw.com

Iris Joy Herssein

iris@hersseinlaw.com

Jeffrey Louis Goodman

jeffrey@hersseinlaw.com

Matthew G. Lindenbaum

mlindenbaum@goodwinprocter.com

Maury Lorne Udell

mudell@bmulaw.com

Maxwell Miller Nelson

max@hersseinlaw.com

Nathaniel Mark Edenfield

nedenfield@richmangreer.com

Reuven T. Herssein

reuven@hersseinlaw.com

John B. Sullivan

jbs@severson.com

Jonah S. Van Zandt

jvz@severson.com

Mark Douglas Lonergan

mdl@severson.com

Erik Kemp

ek@severson.com