IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-20484-BLOOM/Valle

SARAH ALHASSID,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC
(d/b/a CHAMPION MORTGAGE),

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Sarah Alhassid's ("Plaintiff") Verified Motion for Attorney's Fees, ECF No. [293], Motion for Taxable Costs, ECF No. [298], and Bill of Costs, ECF No. [299] (collectively, the "Motions").

This Court has referred the Motions to the Honorable Alicia O. Valle, United States Magistrate Judge, consistent with Administrative Order 2014-64, for a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF Nos. [295], [300]. On May 11, 2016, Judge Valle, incorporating her rulings at a hearing held on the Motions on May 10, 2016, issued a Report and Recommendation recommending that the Motions be granted in part and denied in part. ECF No. [328] (the "Report and Recommendation" or "Report"); *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and recommendation], any party may serve and file written objections . . . as provided by rules of court."). Defendant Nationstar Mortgage LLC

("Defendant") filed Objections to the Report and Recommendations on May 31, 2016. ECF No. [335]. On June 16, 2016, Plaintiff filed a response to the Objection. ECF No. [336].

The Court has reviewed the Motions and the record, has conducted a *de novo* review of Judge Valle's Report and Recommendation in light of the Objection, and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons stated below, the Report and Recommendation is adopted in part and rejected in part. As such, the Motions are granted in part and denied in part.

Plaintiff initially sought $802,097.15 in fees and a total of $21,271.32 in costs, plus an additional $4,100.00 for mediation. In her Report, Judge Valle finds that, in accordance with this Court's Orders, ECF Nos. [252], [290], Plaintiff is entitled to an award of reasonable fees and costs under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla Stat. § 501.201 *et. seq.* and 28 U.S.C. § 1920. The Report recommends that Plaintiff be awarded a total of $475,314 in attorney's fees and $11,742.38 in costs. This reduced award reflects a forty percent reduction in the total number of hours considered to account for duplicative or unrecoverable fees as well as a slight reduction in the fee rate per hour recoverable for associates who worked on this matter. *See* Hr'g Tr., ECF No. [334-1] 94-99; *see also* Report at 2.

Neither party objects to—and the Court will adopt—Judge Valle's conclusion that Plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fees and costs under FDUTPA. Hr'g Tr. 89-90 (citing Fla. Stat. § 501.2105(1) ("In any civil litigation resulting

from an act or practice involving a violation of this part, . . . the prevailing party . . . may receive his or her reasonable attorney's fees and costs from the nonprevailing party."))..

## I. Attorney's Fees

As Judge Valle correctly stated at the hearing, in assessing the reasonableness of attorney's fees, courts in this Circuit use the lodestar method to calculate an objective estimate of the value of an attorney's services. *See* Hr'g Tr. 93 (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Under this method, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299. "This 'lodestar' may then be adjusted for the results obtained." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" Barnes, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011).

### i. Reasonableness of Rates

With regard to the reasonableness of the attorney's fees rates, a court may consider certain factors, including, *inter alia*, the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is

3

fixed or contingent, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, and awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974) *abrogated by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) (stating that the *Johnson* factors are relevant in adjusting the lodestar amount). Considering these factors, Judge Valle found the hourly rate of $500.00 to be reasonable and customary with regard to partners Mr. Reuven Herssein and Maury Udell, but reduced from $325.00 to $300.00 per hour the rate for associates Mr. Max Nelson, Jeff Hirschberg, Jeffrey Goodman, and Brent Hanks. *See* Hr'g Tr. 94-96. Neither party objects to these rates in determining the lodestar amount, and the Court therefore adopts Judge Valle's findings with regard to reasonable hourly rates.

    **ii.**    **Reasonableness of Hours Expended**

As to the reasonable hours expended, Defendant argues that the Report fails to account for, and eliminate from the initial fee request, fees that were incurred arising from (1) the failed class attempt; (2) the settlement with former-Defendant Bank of America; (3) the settlement by former-Plaintiff Sarah Drennen; (4) the state foreclosure case; and (5) Plaintiff's affidavit stating that she agreed to pay her counsel, Mr. Maury Udell, $5,000.00 for both this case and the state foreclosure case.

As Judge Valle correctly noted, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)); *see also St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) ("Plaintiff's counsel claimed over 1,500 hours for compensation: these hours are extensive

enough that we do not expect the district court . . . to conduct an hour-by-hour analysis.") (internal quotation omitted). To ensure that the requested hours are not "double-discounted," the court "is to apply either method, but not both." *Id.* at 1351-52 (citing *Loranger*, 10 F.3d at 783).

Based upon an independent review of the hours expended, Judge Valle rejected Defendant's proposed eighty percent reduction and instead found a forty percent across-the-board reduction appropriate. Judge Valle specifically stated that she did not rely on Defendant's proffered spreadsheet in determining this reduction because her review of the spreadsheet against Plaintiff's billing entries revealed that the spreadsheet contains deficiencies and does not accurately reflect the actual description of work in the billing statements. Hr'g Tr. 92. In

i. **Sarah Drennen and Bank of America Settlements and Failed Class Action Attempt**

As to Defendant's argument that further reductions should be made to account for the failed class attempt and the settlements involving former-Defendant Bank of America and former-Plaintiff Sarah Drennen, Judge Valle explicitly determined that the forty percent reduction was to account for these issues. Specifically, Judge Valle recognized that although Plaintiff "is arguably correct" that the claims related to Bank of America and Sarah Drennen are "inextricably intertwined," in light of the stipulation reached and each resulting order from this Court requiring each party to bear its own fees, *see* ECF Nos. [191], [260], a reduction is appropriate for the work that was done on behalf of Sarah Drennen and regarding Bank of America. Hr'g Tr. 97. Judge Valle further outlined that "the cut is meant to address factors including, for example, fees incurred in connection with claims possibly related to [Drennen] and Bank of America which would have been subsumed within Judge Bloom's order . . . where she said that each party was to bear their own fees and costs in connection with the unsuccessful

5

class action certification attempt and to address billing inefficiencies such as duplicative tasks, block entries and redundancy in the billing process." *Id.* at 98.

Under FDUTPA, "the fees recoverable are those devoted to the entire action, not merely the FDUTPA claim, 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'" *Chow v. Chak Yam Chau*, No. 14-14654, 2015 WL 7258668, at *4 (11th Cir. Nov. 17, 2015) (quoting *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013)). The Court finds Judge Valle's across-the-board reduction of forty percent well-reasoned and sufficient to account for the intertwined issues of the class certification as well as the orders dismissing former-Plaintiff Sarah Drennen and former-Defendant Bank of America. The Court rejects Defendant's request to reduce the lodestar amount with a sixty-five to seventy-five percent across-the-board reduction, including a forty to fifty percent reduction for time litigating against Bank of America and twenty percent reduction for time litigating Sarah Drennen's claims. The Court adopts Judge Valle's recommended forty percent reduction.

### ii.   State Foreclosure Action

Defendant argues that Plaintiff seeks double recovery for fees incurred in the state court foreclosure lawsuit as she seeks those fees here but also has a pending motion for fees in the state court case. Defendant maintains that Plaintiff has failed to meet her burden to carve out fees incurred in defending the state foreclosure lawsuit. Defendant requests the Court apply an additional five percent reduction to account for the hours Plaintiff seeks for time spent defending the state foreclosure action.

It is unclear whether or not the forty percent reduction accounted for the fees sought in connection with the state foreclosure action. When asked by the parties for clarification at the

end of the hearing, Judge Valle stated that the attorney's fees related to the foreclosure action were "part of the exclusion [of] items [she] thought should not be covered." *Id.* at 104. Judge Valle, however, also stated that she believed Plaintiff's counsel said they would be dismissing the state court motion for fees. *Id.* Ultimately, Judge Valle declined to forbid Plaintiff's counsel from seeking to recover the fees in state court, and Plaintiff's counsel expressed his belief that they would indeed be entitled to do so. *Id.*

The Court finds Defendant's proposed additional five percent reduction to the lodestar amount warranted to account for the fees sought by Plaintiff's counsel for time spent defending the state foreclosure lawsuit. Absent Plaintiff's express representation not to seek fees or a stipulation by the parties, it is not for this Court to preclude recovery of fees that could be obtained in another forum – here, the state court. Because the Court will account for those fees in its across-the-board reduction, Plaintiff is not precluded from continuing to seek those fees in state court.

### iii. Mr. Udell's Fees

Defendant also argues that fees should not be awarded for Mr. Udell's services because Plaintiff has already been made whole for all the attorney's fees she agreed to pay Mr. Udell, stating under oath that she agreed to pay Mr. Udell $5,000.00 for his assistance in the defense of the foreclosure lawsuit, elimination of proper fees charged to her account, and to pursue a class action lawsuit. The Court, however, agrees with Judge Valle's conclusion that this Court "found that the Plaintiff was entitled to $5,000.00 not as attorney's fees but as damages on Counts One, Two and Three and there is nothing in the retainer agreement or the Court's order on summary judgment that would preclude an award of attorney's fees under the fee shifting provision of FDUTPA for those counts." Hr'g Tr. 97.

7

### iv. Reductions for Results Obtained

Defendant argues that, after determining the initial lodestar amount, Judge Valle should then have analyzed whether a further reduction for limited success was appropriate, but instead stopped at the first step. Indeed, after determining the lodestar amount, "[t]his 'lodestar' may then be adjusted for the results obtained." *Barnes*, 168 F.3d at 427 (quoting *Loranger*, 10 F.3d at 781). However, "[w]hen the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Bivins*, 548 F.3d at 1350–51 (quoting *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1150 (11th Cir.1993).

As Judge Valle recognized, this case was "extensively litigated for close to two years, from February 2014 to November of 2015 when . . . summary judgment was granted." Hr'g Tr. 86. Judge Valle further recognized the number of items that were litigated, including the filing of four complaints and corresponding motions to dismiss and responses, a motion for preliminary injunction, two motions for summary judgment filed by Plaintiff and largely granted by the Court, and numerous motions and hearings regarding discovery disputes, filed by both Plaintiff and Defendant. *Id.* at 86-87. The Court entered final judgment in favor of Plaintiff on five of six of Plaintiff's claims, dismissing only her claim for breach of the covenant of good faith and fair dealing as duplicative of her breach of contract claims. *See* ECF Nos. [290], [294]. The Court awarded Plaintiff $5,000 in damages, $1,000 in statutory damages, and reasonable attorney's fees and costs, in addition to injunctive relief. In light of the protracted nature of the proceedings and the fact that Plaintiff's counsel was largely successful in their efforts, the Court declines to make further downward adjustments beyond the lodestar amount. Accordingly, the Court will

apply a forty-five percent across-the-board reduction to the number of hours requested by Plaintiff for calculation of the lodestar amount.

## II. Costs

Neither party objects to Judge Valle's recommended reduced award for costs of $11,742.38 pursuant to 28 U.S.C. § 1920 for fees of the clerk, service of summons and subpoena, electronically recorded transcripts, and copying costs. *See* Report at 2; Hr'g Tr. 99-103. The Court agrees with the Report's recommended reduction and therefore adopts Judge Valle's recommended award of $11,742.38 in costs.

## III. Conclusion

For the reasons stated above, it is **ORDERED AND AJDUDGED** as follows:

1. Defendants' Objections, **ECF No. [335]**, are **OVERRULED IN PART**, and Magistrate Judge Valle's Report and Recommendation, **ECF No. [328]**, is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Plaintiff's Motions, **ECF Nos. [293], [298], and [299]**, are **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiff is **AWARDED $435,704.50** in attorney's fees, as outlined in the chart below, and **$11,742.38** in costs.

| Timekeeper | Reduced/Hourly Rate | Number of Hours Requested | Reduced Hours | Award Amount |
|---|---|---|---|---|
| Reuven Herssein | 500 | 872.1 | 479.655 | $239,827.50 |
| Maury Udell | 500 | 481.7 | 264.935 | $132,467.50 |
| Maxwell Nelson | 300 | 312.4 | 171.82 | $51,546 |
| Geoff Hirshberg | 300 | 40.6 | 22.33 | $6,699 |
| Jeffrey Goodman | 300 | 15.6 | 8.58 | $2,574 |

Case No. 14-cv-20484-BLOOM/Valle

| Brent Hanks | 300 | 15.7 | 8.635 | $2,590.50 |
|---|---|---|---|---|
|  |  |  |  |  |
| **TOTALS:** |  | 1,738.1 | **955.955** | **$435,704.50** |

**DONE AND ORDERED** in Miami, Florida, this 29th day of July, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

The Honorable Alicia O. Valle
Counsel of record